| 33  501|
|f34  257|

STATE, RESPONDENT, *v.* KEERL, APPELLANT.

(No. 2,243.)

(Submitted January 13, 1906. Decided February 19, 1906.)

*Criminal Law—Manslaughter—Once in Jeopardy—Discharge of Jury upon Disagreement—Acquittal—Constitution.*

Criminal Law— Manslaughter—Trial Jury— Disagreement—Discharge — Once in Jeopardy.

    1.  Defendant, charged with murder, was tried three times and at the third trial found guilty of manslaughter. The jury disagreed upon the second trial and was discharged. At the third trial the plea of once in jeopardy was interposed on the ground that the jury had been discharged at the second trial without there having existed ·a necessity therefor. The district court overruled this defense. *Held,* that the disagreement of a jury and their consequent discharge do not operate to bring the defendant within the provision of the Constitution (Article III, Section 18) that no person shall be twice put in jeopardy for the same offense.

Same.

    2.  Where a person charged with crime, after a trial, is neither convicted nor acquitted, but owing to a mistrial the jury is discharged and the trial ended, he may again be put upon trial for the same offense, and the defense of once in jeopardy will not lie.

Same—District Courts—Minutes.

    3.  In a prosecution for murder, where the jury was discharged at the end of a mistrial, because there was ''a reasonable probability

that the jury cannot agree,'' an entry in the minutes in those words was in accordance with the provisions of the Penal Code, section 2125, and sufficient.

### ON MOTION FOR REHEARING.

Same—Acquittal—What may Constitute.

4.  *Obiter:* Where the defendant in a criminal prosecution has been arraigned and the trial has been begun upon a valid indictment or information, and he is discharged by a competent court before verdict, an acquittal results, and the plea of once in jeopardy will lie.  (Penal Code, section 2126.)

Same—Jeopardy.

5.  In a given criminal prosecution there is only one jeopardy which continues in case of a discharge of the jury for disagreement, as also where a new trial is granted, from the beginning of the trial, after the swearing in of the first jury, until the particular same case is finally determined.

Same.

6.  After a verdict on a judgment of conviction or acquittal, the defendant in a criminal case has been in jeopardy and may not be tried again for the same offense, except where a new trial has been granted or ordered.

Same—Plea of ''Once in Jeopardy''—What It Includes.

7.  The plea of ''once in jeopardy'' includes the plea of former conviction or acquittal and a judgment of conviction or acquittal.

*Appeal from District Court, Cascade County; Jere B. Leslie, Judge.*

JAMES S. KEERL was convicted of the crime of manslaughter. He appeals from the judgment of conviction and from an order denying him a new trial.

*Mr. C. B. Nolan,* and *Mr. T. J. Walsh,* for Appellant.

The record presents the question as to whether a discharge of the jury, under the circumstances of this case, will warrant a retrial and that raises for consideration the question as to the circumstances and conditions under which a jury may be discharged for failure to agree, without such discharge operating as an acquittal.

When the meaning and effect of the constitutional provisions providing that no person should twice be put in jeopardy for the same offense first came before the courts of this country for consideration, it was held in quite a few instances that if a jury disagreed, the defendant was entitled to his discharge, because

to put him on trial a second time, under such circumstances, would be violative of the constitutional guaranty. Decisions to this effect were made in Pennsylvania, Virginia and the Carolinas. Later decisions in these states repudiated this rule, and they now conform, practically, to the decisions in the states generally, holding that the inability of the jury to agree, is such a necessity as warrants the discharge of the jury and permits the retrial of the defendant. · (12 Cyc. 273, par. 14; 11 Am. & Eng. Ency. of Law, 1st ed., 953; 17 Am. & Eng. Ency. of Law, 2d ed., 1254, 1255.)

The rule now generally accepted is that a retrial may be had "if by any overruling necessity the jury are discharged without a verdict." (4 Am. & Eng. Ency. of Law, 1st ed., 797.) Such overruling necessity exists if the term comes to an end before the trial is finished, or if the judge or some member of the jury should die or become so seriously ill as to be unable to proceed with the cause. So, also, the defendant is held not to have been in jeopardy "if the jury is discharged after considering the cause for such a length of time as to leave no reasonable expectation that they will be able to agree upon a verdict." Necessity is the only justification for the discharge of the jury, and the authorities hold that where "there is no reasonable expectation that they will be able to agree, such a condition of affairs constitutes absolute and urgent necessity, and justifies the court in discharging the jury." (12 Cyc. 273.)

With a view to express the extremity which must be arrived at before the court will be warranted in discharging a jury, the courts have not contented themselves with saying even that a necessity must arise, but they have used qualifying terms intended to indicate that such a condition must exist as renders that course the only one practicable at all. Thus in *Ex parte Glenn*, 111 Fed. 257-261, it is said that a discharge except under an "*imperious* necessity" will operate as an acquittal. The same qualifying adjective to describe the character of the necessity which will warrant such action is used in the opinion in *McCorkle* v. *State*, 14 Ind. 39. In *State* v. *Allen*, 59 Kan. 758, 54

Pac. 1060, it is said that an "*absolute* necessity" must exist. An "*overruling* necessity" is the way it is expressed in *Helm* v. *State,* 66 Miss. 537, 6 South. 322, and in *Ex parte Maxwell,* 11 Nev. 435.

It is generally held also that to warrant a second trial of the defendant, after a discharge of the jury, the record must show the necessity for the prior discharge. (1 Bishop's Criminal Law, 873; 17 Am. & Eng. Ency. of Law, 2d ed., 1255; *People* v. *Cage,* 48 Cal. 326, 327, 17 Am. Rep. 436; *State* v. *Schuchardt,* 18 Neb. 454, 25 N. W. 722; *Upchurch* v. *State,* 36 Tex. Cr. Rep. 624, 38 S. W. 206, 44 L. R. A. 694-699. See, also, *Ex parte Maxwell,* 11 Nev. 428-437; *State* v. *Allen,* 59 Kan. 758, 54 Pac. 1060; *State* v. *Klauer* (Kan.), 78 Pac. 802.)

The rules laid down in the authorities to which we have adverted are not such as depend in any manner whatever upon statutory provisions. They are principles which have been worked out by the courts, as following from the constitutional right of a defendant not to be twice put in jeopardy for the same offense. In recognition of the principles so announced and the construction of the constitutional provision referred to, by the courts, statutes have been passed in many states declaratory of the law authorizing the discharge of a jury for failure to agree. With scarcely an exception they embody the idea expressed in the California statute that there is no warrant for the discharge of the jury until there is no longer any reasonable probability that the jury can agree, that all reasonable hope and expectancy of a verdict has vanished.

Section 2125, Penal Code, vests in the court a power to discharge the jury under circumstances never heretofore accorded by any statute, and when the occasion for the establishment in the English law of the principle embodied in the constitutional guaranty is taken into consideration, it will appear at once that it was intended to take away from the court the power to discharge, under the circumstances mentioned in the statute, or at least to make a discharge, under the circumstances, operate as an acquittal of the defendant.

The principle had its origin in the English law, out of the attempts of the crown to prosecute and punish for alleged offenses of a political nature. Under the English system, where the judge held by appointment from the crown, it was not at all unheard of in the days of the more or less arbitrary power in the sovereign, for judges, at a hint from the government representatives, to discharge, on some trivial pretext, a jury which the crown representatives thought would be likely to acquit that defendant, and hold him to answer before another jury which might be more tractable or obsequious; or, if the defendant happened to be a favorite of the crown, to let the jury go, in the hope that he might stand a better show of acquittal when again brought to the bar.

The defendant in this case had a clear constitutional right to have the jury who heard the evidence against him at the second trial continue in its deliberations on the same, and in the effort to arrive at a verdict thereunder, not only until there was a probability that they could not agree, or a reasonable probability that they could not agree, or even, for the matter of that, a *strong* probability that they could not agree, but until every reasonable hope or expectancy of their arriving at a verdict was gone; in short, until there was no longer any reasonable probability that they would agree.

Having then, in effect, been acquitted of the crime charged, by the discharge of the jury, the further proceedings against him were in violation of his rights under the state Constitution, and in contravention of the Fourteenth Amendment to the Constitution of the United States. (*In re Bennett,* 84 Fed. 324.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

Was the appellant placed in jeopardy at the second trial? "In general, it may be said that jeopardy begins when the trial jury, upon a *sufficient indictment,* has been impaneled and sworn to try the case. The indictment not being sufficient, jeopardy did not begin with the impaneling of the jury." (*State* v.

*Smith,* 88 Iowa, 178, 55 N. W. 200.) "The law is well settled that when an indictment is in form so defective that the defendant, if found guilty, will be entitled to have any judgment rendered against him reversed for error, he is not in jeopardy." (*State* v. *Meekins,* 41 La. Ann. 543, 6 South. 823. Also see *Pritchett* v. *State,* 2 Sneed (Tenn.), 290, 62 Am. Dec. 468; *Western* v. *State,* 63 Ala. 156.) For what constitutes jeopardy, see 17 Am. & Eng. Ency. of Law, 2d ed., 584; also Pen. Code, sec. 1945.

No question is raised as to the length of time the jury had been deliberating. It is impliedly admitted that such time had expired "as the court may .deem proper" before discharging the jury. The time the jury has already been deliberating upon the case must be considered by the judge in satisfying himself that the jury cannot agree, and that the time the jury has been out without agreeing is the controlling fact to be considered in determining when to discharge the jury. When the jury has been out forty or fifty hours without agreeing, very slight evidence, in addition to this fact, will justify the court in discharging the jury. A statement from the jury at the end of such a period to the effect that they were unable to agree would certainly be sufficient to justify their discharge; in fact, a mere statement at the end of forty hours that they had not agreed ought to be sufficient. It .would be a proper exercise of the discretion lodged in the court. (*Logan* v. *United States,* 144 U. S. 297, 12 Sup. Ct. 617, 36 L. Ed. 429; *Dryer* v. *Illinois,* 187 U. S. 85, 86, 23 Sup. Ct. 28, 47 L. Ed. 79; *People* v. *Green,* 13 Wend. (N. Y.) 56.) How long had the jury in this case been deliberating? The burden is upon appellant to show that the record of the discharge of the jury sustains the defense of former jeopardy and acquittal. "The defendant holding the affirmative of the issue, the burden of maintaining the defense of former acquittal is upon him." (9 Ency. of Pl. & Pr. 637; Spelling on New Trial and Appeal, sec. 738.) The fact that the record shows that the jury were out at least forty hours and. then returned into court and satisfied the court that they could not

agree is sufficient to justify the court in discharging them. (*Logan* v. *United States,* 144 U. S. 297, 12 Sup. Ct. 617, 36 L. Ed. 429; *State* v. *Nelson,* 26 Ind. 366.)

The fact that the jury *were discharged* after coming into court and making their report shows that the court *was satisfied* that the jury could not agree.

But the appellant insists that the court in stating the reasons for making the discharge should have said: "It satisfactorily appearing to the court that there is *no reasonable probability* of the jury agreeing," instead of following the language of the statute and saying, "It satisfactorily appearing to the court that there is a *reasonable* probability that the jury *cannot* agree."

A "reasonable probability" as the term is used in section 2125, Penal Code, means such a probability as would exclude any reasonable possibility of the jury agreeing. The word "reasonable" is the controlling word. A "probability," or "a mere probability" that they cannot agree would not be sufficient. The probability that they cannot agree, in order to be sufficient to justify their discharge, must be a *reasonable one.* To be a reasonable one, it must be based upon all the facts and circumstances before the court and be sufficient to satisfy the court that the jury shoud be discharged. When the court makes an order that there is a *"reasonable* probability" that the jury cannot agree, we must presume that all the necessary facts have been shown to satisfy the court.

We submit that when the court makes a finding that it satisfactorily appears to the court that there is a *"reasonable* probability that the jury cannot agree," and thereupon discharges the jury, such discharge will not sustain a plea of former jeopardy.

MR. JUSTICE MILBURN delivered the opinion of the court.

This case is on appeal from a judgment of conviction of man-

slaughter. The defendant was tried three times. The first trial resulted in conviction of murder in the second degree. The judgment was reversed on appeal (*State* v. *Keerl*, 29 Mont. 508, 101 Am. St. Rep. 579, 75 Pac. 362). Upon the second trial the jury disagreed and was discharged. The third trial resulted in the conviction for manslaughter and the judgment from which the appeal was taken.

The alleged crime was committed in Lewis and Clark county. The third trial was had, by change of place of trial, before the district court of the eighth judicial district. Before entering upon the third trial the information was amended in the particulars suggested in the opinion of this court after the first trial. The second trial was upon information without amendment.

The brief of appellant sets out six specifications of error, only one of which was argued orally, the rest being submitted merely upon the briefs. After considering all, we find that the one argued orally is the only one worthy of consideration and it is the one which will be noticed herein. The specification which we must consider is: ''The court erred in not sustaining the second plea of appellant, that he was once in jeopardy and acquitted through the improper discharge of the jury upon the second trial.''

Upon the second trial of the defendant the jury, after deliberating upon their verdict for about twenty-four hours, returned into court and having been inquired of by the judge, was discharged and the following minute entry was made by the court: ''In this cause the jury returned this day into open court, the defendant being present in person and by counsel; whereupon it satisfactorily appearing to the court that there is a reasonable probability that the jury cannot agree, court ordered the jury discharged from further consideration of this cause.''

The plea relied upon on the beginning of the third trial is as specified above, the formal plea in writing containing the fol-

lowing language, speaking of the second trial: "The said jury retired to deliberate, and having on the fourteenth day of July, 1904, after the expiration of about twenty-four hours after their retirement to deliberate upon their verdict returned into court, they were questioned by the court as to whether they had agreed and having reported to the court as the fact was, that they had not agreed, the said jury were by the said court on the said fourteenth day of July, 1904, without the consent of the defendant and without having arrived at or returned any verdict, discharged, without there existing any necessity for the discharge of the said jury and without there being or existing no reasonable probability that the said jury could or would agree upon a verdict. * * * The said court directed the clerk thereof to enter of record that the court found that there was a reasonable probability that the said jury would not agree and that they were for that reason discharged."

Article V of the Amendments to the Constitution of the United State provides: " * * * Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. * * * "

Section 18 of Article III of the Constitution of the state of Montana provides: " * * * Nor shall any person be twice put in jeopardy for the same offense."

Our Constitution includes all in the Federal Constitution on the subject, and more, and is not in any wise in contravention thereof. This question has been argued since American courts have been established under our Constitution, and has been considered from every possible standpoint, and the opinions are not consistent or reconcilable. Many of the courts have held that after the jury is sworn in a criminal case, the defendant is in jeopardy, and that, except in a case of necessity arising from some act almost amounting to an "act of God," the jury may not be discharged without such discharge amounting to an acquittal. Other courts have held that the discharge lies in the discretion of the court for reasons sufficiently appearing to it. Others have held that in capital cases the dis-

charge of the jury, for reasons of accident or otherwise, will not amount to an acquittal. We think that all of these holdings are inconsistent with the idea that the defendant is in such jeopardy as the Constitutions, federal and state, refer to, as soon as the jury is sworn, because if the defendant is in such jeopardy as soon as the jury is sworn, then the death of a juror, or a disagreement of the jury, could not alter the fact. What has happened has happened and cannot be changed without a miracle.

Our legislature in the enactment of the Penal Code has, with abundance of caution, undertaken to pass upon this matter in at least four sections. Section 2124 provides: ''If, after the retirement of the jury, one of them be taken so sick as to prevent the continuance of his duty, or any other accident or cause occur to prevent their being kept for deliberation, the jury may be discharged.''

Section 2125 reads: ''Except as provided in the last section, the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict, and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless at the expiration of such time as the court may deem proper, it satisfactorily appears that there is .reasonable probability that the jury cannot agree.''

Section 2126 provides: ''In all cases where a jury is discharged or prevented from giving a verdict by reason of an accident or other cause, except where the defendant is discharged during the progress of the trial, or after the cause is submitted to them, the cause may be again tried.''

Section 2103 reads as follows: ''When the defendant has been convicted or acquitted upon an indictment or information for an offense, consisting of different degrees, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for any lower degree of that offense, or for an offense necessarily included therein.''

The legislative construction of what the Constitution means in regard to twice being put in jeopardy is apparent from a read-

ing of section 1356 of the Penal Code, to-wit: "No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and *convicted or acquitted.*" This implies a verdict, and is consistent with the views of the supreme court of the United States as it announced them in *United States* v. *Perez,* 9 Wheat. 579, 6 L. Ed. 165, respecting a prisoner who was tried for a capital offense, the jury being discharged without agreeing upon a verdict and without the consent of the defendant: "The prisoner has not been convicted or acquitted, and may again be put upon his defense."

We think that the legislature meant by this latter section that a person may not be subjected to a second prosecution if once there has been rendered against him a verdict of conviction or a verdict of acquittal has been returned in his favor. We do not believe that it meant to say that "in case a verdict of conviction or a verdict of acquittal has been rendered, *or* if the jury has been discharged without rendering any verdict, the defendant in a criminal case shall not be prosecuted again for the same public offense." We do not believe that the legislature meant that the discharge of the jury amounted to an acquittal.

The authorities supporting the view that a disagreement of the jury, coupled with a failure to find a verdict, does not operate to bring the defendant within the provision of the Constitution as to former jeopardy, which view we believe to be also that of the legislature, and which we think to be in accord with our Constitution and that of the United States, are numerous, a few of which we cite: 3 Current Law, p. 984; *United States* v. *Perez, supra;* Wharton's Criminal Practice and Procedure, 8th ed., sec. 490; *Moseley* v. *State,* 33 Tex. 671; *State* v. *Walker,* 26 Ind. 346; *Commonwealth* v. *Purchase* (Mass.), 2 Pick. 521, 13 Am. Dec. 452; 17 Am. & Eng. Ency. of Law, 585, citations, note 1. One most fully expressing our ideas in clear language is that of *United States* v. *Perez, supra.* The case is so similar to the one under consideration that we quote the opinion in full: "The prisoner, Josef Perez, was put upon trial for a capital offense, and the jury, being unable to agree, were discharged by the court

from giving any verdict upon the indictment, without the consent of the prisoner, or of the attorney for the United States. The prisoner's counsel thereupon claimed his discharge as of right, under these circumstances; and this forms the point upon which the judges were divided. The question, therefore, arises, whether the discharge of the jury by the court from giving any verdict upon the indictment, with which they were charged, without the consent of the prisoner, is a bar to any future trial for the same offense. If it be, then he is entitled to be discharged from custody; if not, then he ought to be held in imprisonment until such trial can be had. We are of opinion that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think that in all cases of this nature the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, *after all,* they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office. We are aware that there is some diversity of opinion and practice on this subject, in the American courts; but, after weighing the question with due deliberation, we are of opinion that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial.''

So far as the reasoning is concerned, it does not make any difference, under the broad provision of our Constitution, as to any charge, so it is the same offense, whether the defendant is put upon trial for a capital offense or for murder in the second degree, which is not a capital offense under our law.

In conclusion, we repeat the language of the federal court in *United States* v. *Perez, supra:* "We are aware that there is some diversity of opinion and practice on this subject, in the American courts; but, after weighing the question with due deliberation, we are of the opinion that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial."

The entry made by the court in its minutes as to its action in discharging the jury, and the reason therefor, complies with the statute and is sufficient.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY: I concur in the conclusion reached in the majority opinion, but do not wish to be understood as giving assent to the proposition that in order for a defendant to sustain his plea of former jeopardy, he must always show a former conviction or acquittal of the same charge by a verdict of a jury. I think it possible that the trial court might so far abuse its discretion in discharging a jury on the ground that it has failed to agree, that the prisoner should be held to be acquitted.

### ON MOTION FOR REHEARING.

MR. JUSTICE MILBURN delivered the opinion of the court.

Counsel invites the attention of the court to certain sections of the Penal Code which were not cited by the court in the former opinion, desiring to convince us that the word "jeopardy," as used in the legislative Acts of the state, should be understood as meaning more than former acquittal or former conviction, and saying that we have inadvertently overlooked the distinc-

tion between real and apparent jeopardy. After further consideration of this difficult matter, upon which the court and text-writers of the country are so hopelessly divided, we are of the opinion that what we said in the former opinion should be amplified, but not that our conclusion should be changed.

Section 1940 of the Penal Code is as follows: "There are four kinds of pleas to an indictment or information: A plea of—1. Guilty. 2. Not guilty. 3. A former *judgment* of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty. 4. Once in jeopardy."

Section 1941 of the same Code provides: "Every plea must be oral, and entered upon the minutes of the court in substantially the following form: * * * 3. If he plead a former conviction or acquittal: 'The defendant pleads that he has already been convicted (or acquitted) of the offense charged by the *judgment* of the court of ——— (naming it), rendered at ——— (naming the place) on the —— day of ———.' 4. If he plead once in jeopardy: 'The defendant pleads that he has been once in jeopardy for the offense charged' (specifying the time, place and court)."

Section 1947 reads: "When the defendant is *convicted* or *acquitted, or has been once placed in jeopardy* upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under the indictment or information."

Section 1990 is as follows: "An issue of fact arises: 1. Upon a plea of not guilty. 2. Upon a plea *of a former conviction or acquittal* of the same offense. 3. Upon a plea *of once in jeopardy*."

Section 1356 provides: "No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted."

Section 2126 reads as follows: "*In all cases* where a jury is discharged or prevented from giving a verdict by reason of an

accident or other cause, except where the defendant is discharged during the progress of the trial, or after the cause is submitted to them, the cause may be again tried." This last section, which was not called to our attention by counsel, supports the position taken in the former opinion.

The language of the statute in these several sections is not clear, and the sections are apparently somewhat conflicting, but, when read together, are not impossible to understand. Section 1940, in the third subdivision cited, provides that "a former *judgment* of conviction or acquittal of the offense charged" may be pleaded, but, as we see, other sections speak of *conviction* or *acquittal* merely. The special plea of former *judgment of conviction or acquittal,* or of former *conviction or acquittal,* seems to be superfluous, for the reason that the plea of "once in jeopardy" can be made. The latter includes the plea of former conviction or acquittal and a judgment of conviction or acquittal. Certainly, if a man has been convicted and a judgment of conviction has been entered for a felony, he has been "once in jeopardy." We think that the plea of "once in jeopardy" was added to include other cases of jeopardy than those of judgment of conviction or acquittal. In section 2126 it appears conclusively that the defendant may not be tried again if he has been discharged during the progress of the trial or after the case has been submitted to the jury, although the jury may have been discharged or prevented from giving a verdict by reason of an accident or other cause. Such a discharge of the prisoner amounts to an acquittal and brings him within the provision of section 1356, although there has not been any judgment of acquittal as mentioned in section 1940. Section 2126 seems to expressly provide for the case now under consideration, for it says that in *all* cases of a disagreement of a jury, the prisoner may be tried again, unless he has been discharged as aforesaid. In case of the discharge of the jury for disagreement, as in the case of granting a new trial, the jeopardy is the same continuing jeopardy from the beginning of the trial after the swearing in of the first jury, until the particular same case is

determined. There is only one jeopardy; a second jeopardy can only be pleaded in another case. A new trial is the re-examination of the facts under the same plea of not guilty, on the same information or indictment.

Certainly, there has not been any judgment of conviction or acquittal in the case before us. There has not been any conviction without a judgment. Has there been an acquittal without a judgment? What is an acquittal? The appellant certainly has not been adjudged to be acquitted. This question is not the simple one that it appears to be. The word "acquittal" is said to be *"verbum equivocum."* For some of the equivocations, see Words and Phrases, volume 1, page 114. The definition expressed or implied in our former opinion in this case is too narrow, although supported by authority. We consider that one is acquitted if, after he has been arraigned and the trial has been begun upon a valid indictment or information, he is discharged by a competent court before verdict. (Penal Code, sec. 2126.) He has been in jeopardy. Such is not the situation in the case before us.

We are also of the opinion that after a verdict or a judgment of conviction or acquittal, the defendant in a criminal case has been in jeopardy and may not be tried again for the same offense, except in a case of a new trial which has been granted or ordered. The jeopardy which is forbidden is a new jeopardy. In the case before us the defendant, when he went to trial the third time, was in the same jeopardy that he was in when the first trial was had. The continuance of the jeopardy is not a new jeopardy. A mistrial or a new trial secured by plaintiff or defendant continues the jeopardy and does not renew it. *If this court was correct* in the two cases in which new trials were ordered in criminal cases on appeal by the prosecution (*State* v. *Herron,* 12 Mont. 230, 300, 30 Pac. 140; *State* v. *Mjelde,* 29 Mont. 490, 75 Pac. 87), then, on a new trial, the jeopardy would not be a new one but a continuation of the old danger. (This remark is made by the writer of this opinion on his sole responsibility, and not with the concurrence of the other

members of the court. He has now a doubt as to the logic and correctness of those two opinions, in the latter of which he concurred.)

In the *Perez Case* cited, the federal supreme court decided that when a court discharged a disagreeing jury in a capital case, the defendant was not put again into jeopardy on a new trial. It made no exception in a supposed case of abuse of discretion. This decision of the highest court of the country is strongly persuasive. Section 2126 settles it.

The defendant here was not acquitted. He was not twice put in jeopardy. There was not a new jeopardy. The record of the court as to the discharge of the jury was statutory and sufficient as to the reason why the jury was discharged and as to the necessity for discharging them.

Mr. Justice Holmes in his dissenting opinion in *Kepner* v. *United States*, 195 U. S., at page 134, 24 Sup. Ct. 797, 49 L. Ed. 126, while being of the opinion that the defendant should have stood convicted on the trial by the Philippine appellate court, lays down certain general principles applicable to all cases. He says: "It seems to me that logically and rationally a man cannot be said to be more than once in jeopardy in the same cause, however often he may be tried. The jeopardy is one continuing jeopardy from its beginning to the end of the cause. Everybody agrees that the principle in its origin was a rule forbidding a trial in a new and independent case where a man already had been tried once. But there is no rule that a man may not be tried twice in the same case. It has been decided by this court that he may be tried a second time, even for his life, if the jury disagree. (*United States* v. *Perez*, 9 Wheat. 579. See *Simmons* v. *United States*, 142 U. S. 148; *Logan* v. *United States*, 144 U. S. 263; *Thompson* v. *United States*, 155 U. S. 271.)"

The former opinion herein is modified to conform to the views herein expressed, and the motion for rehearing is denied.

*Rehearing denied.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY: I concur in the result.