STATE, RESPONDENT, *v.* GAIMOS, APPELLANT.

(No. 3,898:)

(Submitted November 24, 1916. Decided December 22, 1916.)

[162 Pac. 596.]

*Criminal Law — Rape — Information — Former Jeopardy—Information—Evidence — Pleading and Proof—Variance—Witnesses—Impeachment—Instructions—New Trial—Newly Discovered Evidence.*

Criminal Law—Information—Indorsement of Witnesses' Names.

1.  Leave to indorse names of witnesses upon an .nformation during the course of a criminal trial should be granted if the defendant does not show prejudice by reason of such indorsement.

Same—Former Jeopardy—When Defense Available.

2.  The plea of once in jeopardy is available where, after the defendant has been brought to trial in a competent court upon a sufficient indictment or information before a jury duly impaneled and sworn, the proceeding has, without' necessity or at the instance of the accused, ended in a discharge of the jury before verdict, and the defendant is sought to be tried for the same offense.

    [As to identity of offense in plea of former jeopardy, see note in 92 Am. St. Rep. 89.]

Same—Rape—Former Jeopardy—When Defense not Available.

3.  Where an information charging rape was dismissed after commencement of trial but before verdict, and a new one filed fixing the time of the commission of the crime fifty days later, the defense of once in jeopardy was not available, since the offense charged in the second information was neither the same but a new and independent one, nor one "necessarily included" in the first charge within the meaning of section 9216, Revised Codes.

Same—Rape—Variance.

4.  If the information charging rape fixes a definite date and the evidence discloses that a mistake occurred in the pleading, and that the identical crime charged was committed upon another date, but before the information was filed, the prosecution will not necessarily fail, though defendant may be entitled to a continuance because of the variance.

Same—Rape—Evidence of Other Acts—Admissibility.

5.  Though evidence of other acts of like character to that charged in an information for rape is admissible to show the intimate relationship existing between the prosecutrix and the defendant, for the purpose of corroboration, the commission of an independent crime cannot be thus shown.

Same—Pleading and Proof—Election.

6.  The state cannot, in a prosecution for rape, prove two or more of such offenses, and then select any one of them as the one for which conviction will be sought, but must, before the defense is gone into, definitely announce which of the acts it relies on as the one charged in the information.

Same—Pleading and Proof—Variance.
  7.   When the information fixes a date and the evidence shows an
  act of the character charged at that time, the state cannot claim
  a conviction under the same information for a similar act at some
  other time.

Same—Former Jeopardy—Jury Question.
  8.   In a prosecution for rape, in which defendant pleaded former
  jeopardy, the question whether the offense charged in the informa-
  tion then before the court was the same as that alleged in a former
  one was a question of fact for the jury's determination.

Same—Rape—Proof—Uncorroborated Testimony of Prosecutrix.
  9.   Though in a prosecution for rape, where the state relies upon
  the uncorroborated testimony of the prosecutrix, the jury should
  be cautious of convicting, yet a verdict of guilty under such cir-
  cumstances should not be set aside unless the story told by her
  is so inherently improbable or is so nullified by material self-
  contradictions that no fair-minded person could believe it.

Same—Witnesses—Impeachment—Prerequisites.
  10.   Before a witness can be impeached, the circumstances of time,
  place, persons present and language used must, under section 8025,
  Revised Codes, be called to his attention.

Same—Documentary Evidence—Inadmissibility.
  11.   Statements of a county superintendent of schools based upon
  the contents of a book not made a record by law nor even a file in her
  office, the entries in which she had not made and for the correct-
  ness of which neither the witness nor anyone else could vouch, were
  properly stricken.

Same—Rape—Instructions—Harmless Error.
  12.   Where prosecutrix had testified to two acts of intercourse, one
  on the date named in the information and another on a previous
  day, an instruction that it was not necessary for the state to prove
  the date of the alleged offense precisely as charged in the informa-
  tion was not prejudicial, in view of a further instruction that evi-
  dence of other acts than the one charged was admissible only for
  the purpose of corroboration.

Same — New Trial — Newly Discovered Evidence — Affidavit — Insuffi-
  ciency.
  13.   An affidavit on motion for new trial asked for on the ground
  of newly discovered evidence, expressing a belief that additional
  evidence might be secured and a hope that if a retrial should be
  granted, such evidence would be forthcoming, the persons from
  whom such evidence was expected refusing to make affidavits, *held*
  insufficient.

*Appeal from District Court, Broadwater County; John A.
Matthews, Judge.*

GUST GAIMOS was convicted of statutory rape; he appeals
from the judgment of conviction and an order refusing him a
new trial.   Affirmed.

*Mr. E. H. Goodman* and *Messrs. Wight & Pew,* for Appellant, submitted a brief; *Mr. Goodman* and *Mr. Chas. E. Pew* argued the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. Wm. H. Poorman,* Assistant Attorney General, for Respondent, submitted a brief.

MR. JUSTICE SANNER delivered the opinion of the court.

The appellant was convicted of statutory rape, and seeks a reversal of the judgment, as well as of an order denying his motion for new trial on these grounds: (I) That he was put in jeopardy upon an information previously filed and dismissed; (II) that the evidence is insufficient; (III) errors of law occurring upon his trial; and (IV) newly discovered evidence.

I.   The information upon which this conviction is based was filed February 25, 1916; it charges the appellant with the commission of an act of sexual intercourse with Rita Smith, a female aged thirteen years, on or about April 7, 1915, in the county of Broadwater; and to it the appellant interposed the pleas of former acquittal and once in jeopardy.   There was no basis for the plea of former acquittal, but the plea of once in jeopardy was based upon these facts: An information had theretofore been filed, charging the appellant with the commission of an act of sexual intercourse with the same Rita Smith on or about May 26, 1915, in the county of Broadwater, upon which information he was arraigned and entered his plea of not guilty.   His trial upon said charge was set for February 25, 1916, on which day both sides announced their readiness for trial; thereupon a jury was called and sworn, the county attorney made his opening statement, and C. S. Smith took the stand as a witness for the state; the appellant objected to the examination of said Smith because his name had not been indorsed upon the information, and made like objection to any examination as witnesses of Rita Smith and Lena Cullom.   These objections being sustained, the county attorney applied for leave to indorse said

names upon the information, which leave was, upon appellant's objection, refused, and thereupon, on motion of the county attorney, the appellant not consenting, the court dismissed said information, and discharged the jury from further consideration of the cause.

Upon just what theory the court refused leave to indorse the [1] names upon the first information, and thereby occasioned its dismissal, we are at a loss to conceive. Nine months before the time it was brought on for trial, this court had decided *State* v. *McDonald,* 51 Mont. 1, 149 Pac. 279, holding, in effect, that such leave ought not to be refused, but ought to be granted, allowing the cause to be continued or to proceed to trial, according to whether the accused does or does not show prejudice by reason of such indorsement. The defendant in all cases is entitled to know what persons will be called to testify against him, and every reasonable opportunity he might desire to investigate them, or to prepare to meet their testimony, should be accorded him. But he is not entitled to go free or to delay the course of justice merely because the public prosecutor has ignorantly or carelessly omitted to observe the rule prescribed by the statute in this respect.

The state contends there never was any jeopardy on the first [2] information, because that information was dismissed without a verdict, and by the provisions of section 9536, Revised Codes, the dismissal of an action, if a felony, is not a bar to a subsequent prosecution. This section applies to dismissals before a trial has begun and to dismissals in furtherance of justice. We do not see how it can have anything to do with a situation like the present; but, if it has, the section is by no means decisive. The right to immunity from a second prosecution is constitutional (Const., Art. III, sec. 18), and that right is to be measured by the meaning of the term "jeopardy" as employed in the constitutional provision. This is to be ascertained from the state of the law when the Constitution was adopted, not from subsequent legislation; and, as so ascertained, we find that the term was not intended to apply merely to those cases where

a verdict has been rendered (*State* v. *Keerl,* 33 Mont. 501, .85 Pac. 862), but it applies as well to every case where the defendant has been brought to trial in a competent court upon a sufficient indictment or information before a jury duly impaneled and sworn (8 R. C. L., pp. 138, 139, *et cit.;* 12 Cyc. 261) ; and whenever such jeopardy has occurred for the same offense, and has, without necessity or the procurement of the accused. ended by a discharge of the jury before verdict, the plea is available. (Rev. Codes, sec. 9317; *State* v. *Keerl,* 33 Mont. 501, 515, 85 Pac. 862.)  Now, the first information against the appellant was sufficient, the failure to indorse the names of the witnesses being, at most, an irregularity correctible upon terms; the discharge of the jury called and sworn to try the appellant for the crime charged by it was not occasioned by unavoidable accident or the procurement of the accused.  Hence the question here is whether the jeopardy suffered by the appellant upon the first information was for the same offense as that for which he now stands convicted.

Counsel for the appellant concede that the two informations [3] do not, upon their face, charge the same offense, because the acts alleged as constituting the crime are separated in time by some fifty days; but they argue that since under the decision in *State* v. *Harris,* 51 Mont. 496, 154 Pac. 198, the act now charged could have been made the basis of a conviction upon the first information, the possibility of such conviction was jeopardy and a bar to the present charge according to the provisions of section 9216, Revised Codes.  We think not.  The section provides that when a person has been once placed in jeopardy upon an information, the jeopardy is a bar to another information "for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted" under that information.  The term "offense necessarily included," as here used, has a well-defined significance.  It means lower degrees of the crime charged, or minor offenses of the same character, predicated on the same act or acts; it has and can have

no reference to other acts than the one directly presented by the charge, because such other acts, if of like character, may themselves be the bases of independent charges of equal gravity. One rape cannot be included in another any more than one forgery or one murder can be included in another. So that, if it could be possible for the accused, under a given information for rape, to be convicted of a rape other than the one charged thereby—which it is not—the danger of such a conviction is not such jeopardy as will afford a bar under section 9216, against a later prosecution for such other offense.

Again, the appellant misconceives the purport of the Harris decision, though excusably, perhaps, because there is language employed in the opinion which admits the position taken by him upon his plea of former jeopardy. It is said, for instance, that when the accused "has committed several acts constituting a series, upon proof of any one of which he may be convicted, of what substantial consequence is it to him that the prosecuting officer does not make his selection of the particular act until the close of the state's case?" This language was inapt, and, literally taken, allows an inference which was not intended and is not legally permissible. In that case—a prosecution for rape—the state failed to prove the act charged at the time charged, but did prove that Harris had, within the period fixed by the statute of limitations, committed several acts of that character, and the effect of the decision was to correctly apply two rules of evidence pertinent to this class of cases. The first of these is that the state is not required to prove the date of the crime precisely as alleged in the information—this for the reason that save in those cases where time is a material ingredient of the offense, it is not necessary that the precise time be alleged. (Rev. Codes, sec. 9152.) But the rule of evidence is not wider in its scope than the rule of pleading; it amounts simply to this: [4] If the information fixes a definite date, the prosecution will not fail because the evidence discloses that a mistake occurred in the pleading, and that the identical crime charged

was committed upon a date different from the one named, but before the information was filed, and within the period of the statute of limitations, though the variance may be sufficiently material to call for a continuance. (Rev. Codes, sec. 9174.)

[5] The second rule is that evidence of other acts of like character to that forming the basis of the crime charged is admissible to show the intimate relationship existing between the prosecutrix and the defendant, for purposes of corroboration— this on the theory that such evidence tends logically to prove the offense charged but not to show that the accused committed an independent crime. The information can, however, charge but one offense (Rev. Codes, sec. 9151), and the defendant can [6] be convicted only of the offense charged. The state cannot prove two or more offenses as such, and then select any one of them as the one for which a conviction will be sought. In 8 R. C. L., page 206, section 200, the rule is well stated as follows: "Whatever may be the object of evidence as to other offenses—whether to prove motive, intent, or guilty knowledge, or to show a general plan or scheme, or to prove identity, or to establish sexual intimacy and opportunity—proof of a distinct substantive crime is never admissible unless there is some logical connection between the two, from which it can be said the one tends to establish the other." What the state can do in such a case as the *Harris Case* and what we said it must do where the evidence does not show an act of the character alleged at the time alleged, but does show several acts of that character within the period fixed by the statute of limitations, is to definitively announce, before the defense is gone into, which of these acts it claims to be the one charged in the information. The very purpose of this is to separate the evidence of the crime charged from that which is merely corroborative, by identifying the act which was from the beginning intended to be charged, and to destroy the possibility of a conviction for any other; and it necessarily precludes the notion that a conviction can be had for any act other than the one

intended from the beginning to be charged. It follows, too,
[7] that when the information fixes a date and the evidence
shows an act of the character charged as a crime at that time,
the state cannot be allowed to claim a conviction under that
information for a similar act at some other time. Since the
appellant here could have been convicted in the prior proceed-
ing only of the particular offense charged in the first informa-
tion, his plea of former jeopardy is without avail unless and
until he shows that, as a matter of fact, the offense charged in
the second information is the same offense as the one charged
in the first information.

We acknowledge that the appellant's contention seems to be
upheld in the cases cited by him. (*State* v. *Price,* 127 Iowa,
301, 103 N. W. 195; *State* v. *Dye,* 81 Wash. 388, 142 Pac. 873.)
The reasoning of the *Price Case* does not appeal to us any more
than it appealed to that eminent authority in criminal law,
Mr. Justice McClain, who, together with Mr. Chief Justice
Sherwin, filed a vigorous and, as we think, a sound dissent.
The *Dye Case* arose upon an information which fixed no time,
but was a blanket charge, or roving commission covering the
entire period of the statute of limitations, and the result an-
nounced was reached by applying this test of Wharton: ''Was
the matter set out in the second information admissible as evi-
dence under the first, and could a conviction have been prop-
erly maintained under such evidence? If the answer is, 'Yes,'
then the plea is sufficient; otherwise it is not.'' We accept the
[8] test and say that, while the matter set out in the present
information would have been admissible as evidence upon a trial
under the first information, it would not have sufficed for a con-
viction unless the offense charged in the present information
was the offense charged, or intended to be charged, in the first
one. As this was a question of fact, fairly submitted to the
jury, and as there is nothing in this record to show that such
was the fact, and much to show that such was not the fact, no
fault can be found with the result in this respect. (Rev. Codes,

sec. 9151; *State* v. *O'Brien*, 19 Mont. 6, 47 Pac. 103; 8 R. C. L., pp. 120, 121, secs. 92, 93, *et cit.*)

II.   It is undoubtedly true that charges such as this are easy to make and hard to defend against even by one who is guilt-[9]   less; and where the state relies upon the uncorroborated testimony of the prosecutrix, the jury should be cautious of convicting upon such evidence.   The reason is that from motives as various as human perversity, the charge may be made when no rape at all has been done, or it may be made against an innocent person when the crime has, in fact, been committed.   In the present instance the commission of the crime was never open to question; the prosecutrix, a girl of thirteen, gave birth to a child in January of this year, and the jury have said upon her unsupported testimony that the defendant is guilty.   This they could lawfully do if she was worthy of credit (*State* v. *Vinn*, 50 Mont. 27, 39, 144 Pac. 773; *State* v. *Peres*, 27 Mont. 358, 71 Pac. 162), and it is not for the members of this court, who did not see the witnesses, to say that the jury were wrong, or that they should have credited the testimony presented in defendant's behalf and constituting, on paper at least, the greater weight of the evidence.   Counsel, realizing this, insist that a conviction can be had on the uncorroborated testimony of the prosecutrix only when she is entitled to full credit, and that by reason of her obvious falsehoods and self-contradictions, the prosecutrix at bar ought, as a matter of law, to be held unworthy of credit.   This cannot be done.   Only in those rare cases where the story told is so inherently improbable or is so nullified by material self-contradictions that no fair-minded person could believe it may we say that no firm foundation exists for the verdict based upon it.   (*State* v. *McMillan*, 20 Mont. 407, 51 Pac. 827; *Escallier* v. *Great Northern Ry. Co.*, 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458.)   But the falsehoods and inconsistencies here pointed out are not of this description; they relate to collateral details; some of them are plainly excusable in a child of the age of this prosecutrix, placed in her

position; and while they might have justified distrust on the part of the jury, they certainly did not command it. The jury were authorized to say that she was entitled to full credit, and their declaration that she was so, as implied from their verdict, is final.

III. In addition to the rulings involved in the questions above discussed, the appellant presents as errors of law four other rulings, *viz.:* Refusal to permit Sophia Valles to answer [10] two certain questions asked by way of impeachment, the striking out of certain testimony relating to appellant's attendance at school, and the giving of instruction No. 15.

Sophia Valles was a schoolmate of prosecutrix, and it was sought to show by her that at some time in January or February, 1915, the prosecutrix had said that she was going to marry a neighbor named Doe, and wished she had a dollar for every time that Doe had kissed her. Assuming that these were material matters, we think there was no error. Our statute (Rev. Codes, sec. 8025) prescribes that before a witness can be contradicted as to statements made, the circumstances of time, place, persons present and language used must be mentioned to the witness sought to be impeached; these requirements were only partially met in laying the foundation with the prosecutrix.

The prosecutrix, having testified, not only to an act of sexual [11] intercourse with the appellant on April 7, but also to one on March 5, and that both acts occurred after the close of school for the day, said that appellant had attended school all day on March 5. To refute this, Margaret Mahoney, superintendent of schools of Broadwater county, was called, and testified from a book which purported to be an attendance record of the Barron school, to the effect that appellant had not attended school on either of those days. The book was not by law a record of her office, nor in fact a file therein. The witness did not make the entries, and neither she nor anyone else vouched for their correctness or condition. This appearing, the court struck her testimony, and refused to admit the record in evidence. It is

claimed that this was error, under *State* v. *Vinn, supra;* but the cases are not parallel. The ruling under the circumstances was correct.

Instruction 15 advised the jury that it was "not necessary [12] for the state to prove the date of the alleged offense precisely as charged in the information herein," and it is claimed this had no place in the charge, because there was no uncertainty in the testimony as to the date, nor any divergence from the date alleged in the information, and therefore the instruction told the jury, in effect, that they might ignore the testimony given on appellant's behalf tending to show that he was elsewhere at the time. We agree that upon this evidence the instruction was unnecessary; but we do not agree that it had or could have the effect assigned to it; nor do we see how it could have prejudiced the appellant in any way. The silent assumption of counsel is that, since the prosecutrix had testified to an act on March 5, the jury might have convicted for that, even though they believed the charge itself based upon the act of April 7, had been successfully met by the evidence on behalf of appellant; but this is untenable in view of instruction No. 23, which told the jury that the evidence of other acts than the one charged was admissible only for the purpose of corroboration.

IV. There is nothing at all in the claim of newly discovered [13] evidence. The affidavit of counsel, filed in support of this ground of the motion for new trial, does not go further than to express a belief that additional evidence contradictory of some of prosecutrix's statements might be secured, and a hope that, if a new trial should be granted, such evidence would be forthcoming. The persons from whom such evidence is expected refused to make affidavits, and this is fatal. (Rev. Codes, sec. 9350.) They were in attendance upon the trial, and no sufficient showing is made to excuse his failure to then elicit such evidence, if in fact it was in existence.

While we may at this distance entertain some misgivings touching the result in this case, we are compelled to hold that

no reversible error has been made to appear.   The judgment and order appealed from are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied January 21, 1917.