STATE, RESPONDENT, *v.* TATE, APPELLANT.

(No. 4,208.)

(Submitted December 2, 1918.  Decided December 9, 1918.)

[177 Pac. 243.]

*Criminal Law—Rape — Evidence—Sufficiency — Directed Verdict—Acquittal—Attorney and Client—Argument to Jury—Remarks of Court—Prejudicial Error—Bill of Exceptions—Settlement—Presumptions.*

Bill of Exceptions—Settlement and Certification—Presumptions.
1.   Where the presumption of correctness arising from the settlement and certification of a bill of exceptions is not rebutted, it is conclusive.
Rape—Evidence—Sufficiency.
2.   In a prosecution for rape, the uncorroborated direct testimony of the prosecutrix, if believed, establishes the guilt of defendant.

[As to evidence of complaint made by prosecutrix, see note in 38 Am. Rep. 369.]

Same—Verdict of Acquittal—Refusal to Direct—When Proper.
3.   Refusal to direct a verdict of acquittal was proper where the evidence was sufficient, as matter of law, to prove every element necessary to constitute the crime of rape.
Same—Directed Verdict of Acquittal—When Proper.
4.   Under Section 9297, Revised Codes, the district court may, in its discretion, advise, but not direct or compel, the jury to acquit if it deems the evidence to be clearly insufficient in weight to justify a verdict of guilty.
Same—Attorney and Client—Trial—Argument to Jury—Duty of Attorney.
5.   It is the duty of counsel for defendant charged with crime to present the case of his client on argument in the light most favorable to the latter, and to that end to urge upon the jury all inferences from and interpretations of the evidence which are not palpably unwarranted, and so long as he does not misstate the testimony, his privilege in this respect is almost without limit.
Same—Trial—Curtailing Argument to Jury—Prejudicial Error.
6.   Refusal of the court to permit defendant's counsel to comment in his argument to the jury upon statements touching a material fact made by the prosecutrix and her sister, which were contradictory of each other, was prejudicial error, entitling defendant to a new trial.
Same—Trial—Evidence—Remarks by Court—Invading Province of Jury.
7.   Remarks of the trial judge during argument of defendant's counsel, to the effect that prosecutrix and her sister had not testified as to a certain material fact as counsel asserted they had, that no juror was in doubt about that, *etc.*, whereas such testimony had in fact been given, virtually resulted in a withdrawal of their statements from the jury and constituted prejudicial error.

*Appeal from District Court, Beaverhead County; Joseph C. Smith, Judge.*

D. E. TATE, convicted of the crime of rape, appeals from the judgment and from the order denying his motion for a new trial. Reversed and remanded.

*Mr. John Collins,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Defendant, convicted of rape upon the prosecutrix, has appealed from the judgment of his conviction and from the order denying his motion for a new trial.

The attorney general objects to consideration, on appeal from the judgment, of the bill of exceptions for the reason that it was not presented or settled within the times prescribed by section 9340 of the Revised Codes; but the bill itself shows the [1] objection to be untenable. Moreover, from the judge's settlement and certification of the bill arises the presumption that it was presented and settled in time, which presumption is conclusive where, as here, it is not rebutted. (*Murray* v. *Hauser,* 21 Mont. 120, 53 Pac. 99.) He objects, also, to consideration on its merits of the order denying a new trial for the reason that the order was entered before the bill of exceptions was settled and therefore prematurely; but since the only errors assigned which we shall examine are reviewable on the appeal from the judgment, neither the order nor the objection requires further notice.

In view of the fact that the judgment must be reversed and a new trial ordered, we do not decide whether the question of the sufficiency in the weight of the evidence to justify the verdict, as distinguished from sufficiency in law to support it, may properly be reviewed on appeal from the judgment.

1. The refusal of the court to grant defendant's prayer for a directed verdict is the first error assigned. The evidence was

[2] in irreconcilable conflict. None of the state's witnesses, except the prosecutrix, gave any direct evidence that defendant committed the crime charged,—they testified to circumstances corroboratory only of her testimony, which circumstances were insufficient to establish his guilt. Her testimony, however, was direct and, if believed, established his guilt, the law not requiring corroboration of the evidence of the prosecutrix [3] (*State* v. *Gaimos*, 53 Mont. 118, 162 Pac. 596). The evidence was sufficient as matter of law to prove every element necessary to constitute the crime, and hence the court did not err in refusing to direct a verdict of acquittal. We do not determine whether the court below should have advised the jury [4] to acquit. Section 9297 of the Revised Codes, providing in effect that if the court deems the evidence insufficient to warrant a conviction, it may advise, but not direct or compel, the jury to acquit, can be applicable only where the trial court deems the evidence which tends to prove—and which, if believed, would prove—every element necessary to constitute the crime, to be clearly insufficient in weight to justify a verdict of guilt. (*State* v. *Welch,* 22 Mont. 92, 55 Pac. 927; *State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647.) This section seems to lodge discretionary power in the trial court, and, since a new trial may result from reversal of the judgment, we do not express an opinion in respect of how that discretion should have been exercised had defendant appealed to it.

2. As has been stated, the evidence was irreconcilable. Certain facts, however, appeared about which no controversy existed or could exist. It was clearly shown that if defendant raped the prosecutrix, he did so in her father's house during a night when he and one Squires were occupying the same bed; and that unless the crime charged was committed on the night of September 30—October 1, it never was committed. Defendant swore that he shared the bed with Squires but once and then on the night of September 29–30, and that he spent the entire night of September 30—October 1 in a house five miles distant from her father's house, the testimony of other wit-

nesses tending to corroborate the latter item of evidence. Squires testified that he and defendant shared the bed on both nights. The prosecutrix and her sister stated in certain parts of their testimony that defendant and Squires occupied the same bed on the two nights, and in other parts of their testimony made statements from which the inference was permissible that these men shared the same bed only on the one night,— for instance, the prosecutrix testified: ''Tate and Squires slept together only one night; that was the 29th and part of the 30th, —night of the 30th,'' and if by this she meant the night of September 29–30, she contradicted herself and fixed a time which exonerated defendant; if by this she meant the night of September 30—October 1, she flatly contradicted parts of her other testimony and parts of her sister's and Squires' testimony; each of them had repeatedly said that defendant and Squires occupied the same bed on the two nights, each distinctly and circumstantially testifying that the two men occupied the same bed on these two nights. Her sister afterward swore: ''I do not know exactly how many nights Mr. Squires and Mr. Tate slept together, I don't remember. As to whether it was two nights, I do not remember anything about that. As near as I remember all I do know about that [is] that one night [September 30—October 1]. That is as near as I know about that.''

With the evidence in this condition, defendant's counsel during the course of his argument to the jury said in effect that the state had failed to comment upon the admission by the prosecutrix and her sister that defendant and Squires slept together but one night. He was interrupted by the county attorney's objection that the remark was not in harmony with a correct construction of the evidence, to which defendant's counsel answered by insisting that the construction was correct, asking that the record be read. The court held that the girl and her sister had not testified that defendant and Squires slept together on one night only, saying: ''They did not confine it solely to one night; that is the record; we are not going to go

into that. The record is that the witnesses [the prosecutrix and her sister] testified that they [defendant and Squires] slept together two nights. * * * This is not an interpretation on this evidence at all. If you [defendant's counsel] sat here throughout the trial of this case and allowed yourself to come to any such conclusion from the answers made, I cannot help it. I do not think there is any juror in doubt about that; let's not go on with it, the result is absolute, I think, on that. There is also this testimony, that on the morning after Squires got up and found the defendant on his bed, they got up and washed and went to breakfast. It is in the record twenty-five times as to the number of nights they slept together." Defendant excepted to the remarks of the court and to its action in sustaining the objection.

The court erred in requiring defendant's counsel to desist [5] from arguing to the jury that the prosecutrix and her sister had testified that defendant and Squires slept together but one night. The court erred also in making the remarks quoted. It was the duty of defendant's counsel to present the case in the light most favorable to the client and to that end to urge upon the jury all inferences from and interpretations of the evidence which were not palpably unwarranted. So long as counsel did not misstate the testimony, his privilege of drawing inferences and making comments was well-nigh without limit. He had the right by way of argument to tell the jury that the testimony of the prosecutrix and her sister showed a certain fact or that they admitted it, if the argument had any fair ground on which to rest even though the court or its judge should hold an opinion, or be convinced, to the contrary. The [6] testimony of the prosecutrix and her sister was such as fully to justify the argument by defendant's counsel to the effect that they admitted that defendant and Squires slept to- [7] gether on the one night only. The issue of fact was raised whether they shared the same bed on one night only or on the two nights, and the testimony of these two witnesses was open to attack as being self-contradictory on that issue. Defendant

testified plainly and unequivocally that he occupied the bed only on the night of September 29–30, and he had the right to argue to the jury that his testimony in that respect was supported by the statements of the prosecutrix and her sister, and he had the right likewise to point out to the jury the conflict in the testimony of each of these witnesses as discrepancies. In telling the jury, or saying in their hearing, that these witnesses had not said that defendant and Squires occupied the bed on one night only but had testified that the men had slept together on the two nights, and that the judge did not think that any juror could be in doubt about that fact, the court inadvertently misstated material evidence and declared to the jury that certain inferences only could be drawn from such evidence despite the fact that inferences to the contrary might well have been deduced. The practical effect was to withdraw from the jury the testimony quoted. The question of fact as to what the conflicting evidence established was, of course, for the jury, not for the court or its judge, to find.

Since the ruling and remarks of the court in the particulars mentioned were prejudicially erroneous to defendant, the question whether, under the Constitution and statutes of Montana, the trial judge may express to the jury his own opinion of the weight of the evidence and comment upon the credibility of the witnesses, provided the jury be advised that they are not in any wise bound by such opinion or comment and must themselves find the facts from the evidence adduced, need not be considered and is reserved.

The judgment is reversed and a new trial ordered.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.