STATE, RESPONDENT, *v.* PIPPI, APPELLANT.

(No. 4,261.)

(Submitted January 10, 1921. Decided February 10, 1921.)

[195 Pac. 556.]

*Criminal Law—White Slavery—Information—Trial—Selection of Jury — Constitution — Evidence—Presumptions—Instructions.*

Criminal Law—Selection of Jury—When Recourse to Jury-box No. 3 Proper.
 1. Where the names in jury-box No. 1 had been so depleted that a sufficient number did not remain from which to secure a jury, and where it appeared that a sufficient number could not be procured without great delay or expense, the court, under Revised Codes, section 6357, properly directed the clerk to draw names from jury-box No. 3.

White Slavery—Statute—Constitutionality—Title of Act.
 2. *Held,* that Chapter 1, Laws of 1911, known as the "White Slave Act," is not unconstitutional as violative of section 23, Article V, of the Constitution, which provides that the title of an act shall not embrace more than one subject.

Same—Evidence of Other Like Offense—Admissibility.
 3. In a prosecution for receiving money, without consideration from the earnings of a prostitute, testimony that defendant at the same time and place received and accepted money from a prostitute

---

3. When evidence of other offenses admissible, see notes in 44 **Am. Rep.** 299; 105 **Am. St. Rep.** 976.

other than the prosecuting witness, was properly admitted under the rule that the state may introduce such evidence as tending to prove a uniform plan or course of action on the part of the accused for the purpose of identification, of disclosing guilty knowledge or criminal intent, and to negative the idea that the particular act charged was merely the result of inadvertence or mistake.

Same—Rules of Evidence—Power of Legislature.
4. Rules of evidence are subject to legislative control, except in so far as it is restrained by constitutional limitations and the defendant is not deprived of a fair and impartial trial.

Same—Evidence—Lack of Consideration—Presumptions.
5. Under the above rule, held that, the provision of section 8, of Chapter 1, Laws of 1911, making the acceptance of money from a prostitute presumptive evidence of lack of consideration is valid, and in enacting it the legislature did not transgress its power.

Same—Instructions—Singling Out Testimony of Prosecuting Witness.
6. An offered instruction singling out the testimony of the prosecuting witness for special comment and consideration was properly refused.

Same—Receipt of Money, Whether Voluntary or Involuntary Completes Crime.
7. Receipt of money without consideration from a prostitute is sufficient to complete the crime denounced by Chapter 1, Laws of 1911, it being immaterial whether payment was made voluntarily or under compulsion.

Criminal Law—Of What Defendant may not Complain.
8. One convicted of crime is in no position on appeal to complain that he was not convicted of a more serious offense than the one for which he was on trial.

Same—Remarks by Judge—When not Open to Objection.
9. Remarks of the trial judge during the trial of a criminal cause, made during an extended cross-examination of the state's witnesses, with a view to expediting the proceedings, which did not work prejudice to any substantial rights of the defendant, *held* not to have constituted breach of propriety.

Same—County Attorney—Argument Permissible.
10. The county attorney in his argument to the jury may discuss the evidence in the light most favorable to his contention and draw therefrom every legitimate inference, and so long as he does not abuse the privilege, defendant may not complain.

White Slavery—Information—Contents.
11. An information in a prosecution charging one with accepting money from a prostitute without consideration need not allege the amount so received.

Same—Uncorroborated Testimony of Prosecuting Witness Sufficient.
12. *Held,* that a violation of the White Slave Act may be proved by the uncorroborated testimony of the prosecuting witness, a woman being no less a competent witness because she engages in prostitution.

Criminal Law—Insufficiency of Evidence—When Verdict Conclusive.
13. Unless the supreme court can say, on appeal from a judgment of conviction of crime, that the state's case rests upon testimony

---

9. Remarks or instructions by court in presence of entire panel of jurors as reversible error in particular case, see note in **Ann. Cas.** 1915B, 824.

so inherently incredible that no reasonable mind ought to accept it as true, the verdict of the jury is conclusive, on the contention that the evidence is insufficient.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

PELLEGRO PIPPI was convicted of having received and accepted money without consideration from the earnings of a woman engaged in prostitution, and from an order denying his motion for a new trial he appeals.   Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Madeen & Russell,* for Appellant.

The defendant was deprived of trial by jury of the county by reason of the fact that the court over the objection and protest of defendant's counsel called the jury drawn from jury-box No. 3. This court in case of *State* v. *Landry,* 29 Mont. 218, 74 Pac. 418, held the statutory provisions governing drawing jurors to be mandatory and in judgment of counsel is decisive of this case.

On a prosecution for a particular crime, evidence which in any manner shows or tends to show that accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible.   (16 C. J. 586, sec. 1132; *State* v. *Hyde,* 234 Mo. 200, Ann. Cas. 1912D, 191, 136 S. W. 316.)   Especially is this so when the statute under which the prosecution is had, as in this case, makes receipt of the money presumptive evidence of intention to commit the crime; evidence of other crimes should not be received.   (16 C. J. 589.)

"The trial judge must not in his charge, or during the trial, directly or indirectly assume the guilt of the accused, nor use any language from which the jury can legitimately infer what the views of the judge are upon the issues of fact submitted to them."   (*People* v. *Williams,* 17 Cal. 142; *People* v. *Matthai,* 135 Cal. 442, 67 Pac. 694; *People* v. *Howland,* 13 Cal. App.

363, 109 Pac. 894; *Briggs* v. *People,* 219 Ill. 330, 76 N. E. 499.)
It is error for the court in making rulings to remark on the
ruling or to make any suggestion indicating his personal views.
(*Rutherford* v. *State,* 49 Tex. Cr. 21, 90 S. W. 172; *Holt* v.
*State,* 2 Ga. App. 383, 58 S. E. 511; *West* v. *State,* 55 Fla. 200,
46 South. 93; *Poole* v. *State,* 45 Tex. Cr. 348, 76 S. W. 565.)
Sarcasm to counsel and repeated and hostile and unnecessary
interruptions by the trial court are held to be grounds for re-
versal. (*State* v. *Hazlett,* 14 N. D. 490, 105 N. W. 617; *Vasser*
v. *State,* 75 Ark. 373, 87 S. W. 635.)

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,*
Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The defendant was convicted of violating the provisions of
section 8, Chapter 1, Laws of 1911, and has appealed from an
order denying his motion for a new trial.

When this cause was called for trial it appeared that there
[1] were not enough names of qualified jurors in jury-box
No. 1, and, in the opinion of the court. expressed in a minute
entry, a sufficient number could not be obtained without great
delay and expense. The clerk was thereupon directed to draw
forty names from jury-box No. 3, which was done. Counsel
for defendant objected to the trial before a jury thus drawn,
and assigns as error the adverse ruling of the court, relying
for support of his contention upon the decision in *State* v.
*Landry,* 29 Mont. 218, 74 Pac. 418. In the *Landry Case,* how-
ever, we went no further than to hold that the court is not
authorized to resort to jury-box No. 3 until the emergency men-
tioned in section 6357, Revised Codes, arises. But whenever
that emergency does arise—whenever the names in jury-box
No. 1 have been so depleted that a sufficient number does not
remain from which to secure a jury, and it appears further
that a sufficient number cannot be procured without great de-

lay or expense—the court is clothed with discretion to direct the clerk to resort to jury-box No. 3, as was done in this instance. In the absence of any showing of abuse of discretion, the trial court's ruling will be upheld.

Objection was made to the introduction of any evidence on [2] the ground that Chapter 1, above, is unconstitutional, in that more than one subject is embraced in the title of the Act. The title reads as follows: "An Act to prevent the seduction and prostitution of women and girls, and providing punishment therefor; and to prevent the receipt of money or other valuable thing, from women engaged in prostitution, and prescribing punishment therefor; and to repeal sections 8341 and 8342 of the Revised Codes of 1907." An analysis of the statute discloses that its purpose is to prevent the seduction and prostitution of women and girls, and that nine distinct provisions are made for accomplishing that purpose, or, stating the same thing differently, the legislature determined that the commission of any one of the nine enumerated acts would constitute a violation of the statute and defeat the primary purpose intended to be served.

The several prosecutions authorized by the Act are but the means for the effective enforcement of the statute, and the fact that one of these means is mentioned in the title does not render the Act obnoxious to the provisions of section 23, Article V, of the Constitution. (*State* v. *McKinney,* 29 Mont. 375, 1 Ann. Cas. 579, 74 Pac. 1095.) In *Evers* v. *Hudson,* 36 Mont. 135, 92 Pac. 462, this court construed the section above and said: "The object of the constitutional provision now under consideration is not to embarrass honest legislation, but to prevent the vicious practice, which prevailed in states which did not have such inhibitions, of joining in one Act incongruous and unrelated matters. The rule of interpretation now quite generally adopted is that, if all parts of the statutes have a natural connection and can reasonably be said to relate, directly or indirectly, to one general and legitimate subject of legislation, the Act is not open to the charge that it violates this constitutional

provision; and this is true no matter how extensively or
minutely it deals with the details looking to the accomplish-
ment of the main legislative purpose. (25 Am. & Eng. Ency.
of Law, 2d ed., 575.) Or stating the converse of the proposi-
tion, it may be said that if, after giving the Act the benefit of
all reasonable doubts, it is apparent that two or more inde-
pendent and incongruous subjects are embraced in its provi-
sions, the Act will be held to transgress the constitutional
provision, and to be void by reason thereof.''

The defendant was charged with having received and
[3] accepted money, without consideration, from the earnings
of one Marie Champagne, a woman engaged in prostitution.
Upon the trial, and over the objection of defendant, the state
was permitted to prove that at the same time and place defend-
ant also received and accepted money from the earnings of
one Elsie Leonard, a common prostitute.

It is the general rule that upon the trial of one accused of
crime, evidence of a distinct and independent offense is not
admissible; but the rule is equally well settled that the state
may introduce evidence tending to prove a uniform plan or
course of action on the part of the accused for the purpose of
identification, of disclosing guilty knowledge or criminal intent,
and to negative the idea that the particular act charged was
merely the result of inadvertence or mistake; and, if such evi-
dence also tends to establish the commission of another offense,
it is not for that reason inadmissible. (*State* v. *Newman,* 34
Mont. 434, 87 Pac. 462; *State* v. *Hill,* 46 Mont. 24, 126 Pac.
41.)

Section 8 of Chapter 1, above, under which this prosecution
[4, 5] was conducted, provides that upon the trial of one ac-
cused of violating its provisions the acceptance, receipt, levy
or appropriation of money from the earnings of a fallen woman
shall be presumptive evidence of lack of consideration. The
court so advised the jury in instruction No. 2, and exception is
taken by defendant.

It is the general rule in criminal cases that every presumption in favor of the defendant's innocence shall be indulged until the evidence establishes his guilt beyond a reasonable doubt; but the rules of evidence are subject to legislative control, except in so far as it is restrained by constitutional limitations (1 Wigmore on Evidence, sec. 7), and so long as the defendant is secured a fair and impartial trial.

It is not necessary to consider to what extent the lawmakers may go in shifting the burden of proof or in determining that from the proof of one fact a disputable presumption of another may be drawn. Want of consideration is only one element of the crime denounced by the statute under review, and there is not any doubt that in promulgating the rule of evidence found in section 8 above, the legislature was well within the scope of its authority, and did not transgress upon any provision of the Constitution.

The court refused properly to give defendant's requested **[6]** instructions 4, 5 and 7. In each instance the testimony of the prosecuting witness was singled out for special comment and consideration. In that respect alone each of the proposed instructions condemns itself. (*State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927; *State* v. *Jones,* 32 Mont. 442, 80 Pac. 1095.)

Counsel for appellant insist that if the evidence tends to **[7, 8]** establish the commission of any crime, it is the crime of robbery, and not the offense charged in the information, but counsel are mistaken as to the facts, and as well the conclusion to be drawn from them. Aside from the testimony relating to the $90 which the prosecuting witness insists was taken from her by force, the evidence tends to prove that the defendant received from that witness other sums under an agreement between them that the prosecuting witness should occupy a room in defendant's boarding-house, engage in prostitution, and divide with him the profits of her shame. Under section 8 of the Act now under review, the guilt of the defendant is not made to depend upon the means employed to secure the money. If he received from the earnings of the prosecuting witness any

money without consideration, knowing that she was then engaged in prostitution, the crime denounced by the statute was complete without reference to the question whether payment was made voluntarily or under compulsion. Furthermore, defendant is in no position to complain that he was not charged with and convicted of the more serious offense. This case does not come within the rule announced in *State* v. *Kanakaris,* 54 Mont. 180, 169 Pac. 42. There the defendant was charged with the commission of a crime with respect to which no evidence was offered, the only evidence tending to prove a separate and distinct offense.

Complaint is made of remarks of the presiding judge during course of the trial. We have examined each of them, but fail to find any breach of propriety. Many of the remarks were made in connection with rulings favorable to the defendant, and others in an attempt to facilitate the trial. The record discloses that, though the issues were simple and the evidence on the part of the state very brief, nearly five days were consumed in the trial which ought to have been completed in a single day. Much of the time was occupied by counsel for defendant in cross-examination, and, though a wide latitude is to be extended for that purpose, a limit is reached beyond which forbearance ceases to be a virtue. While the court may not by remarks or other conduct prejudice the rights of the defendant, the presiding judge is not merely a monitor, but an important factor in the trial of every cause, whose duty it is to direct the course of proceedings to the end that a speedy, though fair, determination shall be reached. We do not find that any of the remarks of which complaint is made, or all of them considered together, worked prejudice to any substantial rights of the defendant, or could have done so.

Complaint is also made of remarks by the county attorney in his argument to the jury. The state as well as the defendant is entitled to be represented, and it is within the province of counsel to discuss the evidence in the light most favorable to his contention, and draw therefrom every legiti-

mate inference. So long as he does not abuse the privilege, he may not be criticised for his zeal. (*State* v. *Tate*, 55 Mont. 343, 177 Pac. 243.) We do not think the remarks of the county attorney are open to the objections made.

The crime for which the defendant was tried is purely [11] statutory. The information follows the language of the statute, contains all that is essential to constitute the crime, is sufficient to apprise the accused of the nature of the offense charged, and is not open to the objection that the amount which defendant received from the prosecuting witness is not stated. The statute does not require that it shall be. (*State* v. *Van*, 44 Mont. 374, 120 Pac. 479; *State* v. *Copenhaver*, 35 Mont. 342, 89 Pac. 61.)

Finally, it is insisted that the state's case rests upon the [12] uncorroborated testimony of the prosecuting witness, and that her character and the improbability of her story condemn the verdict. In order to secure a conviction in any case arising out of a violation of the white slave law, the state, of necessity, must rely in great part, if not entirely, upon the testimony of the women whose illicit practices give rise to the offenses. A woman is not the less a competent witness because she engages in prostitution (sec. 7890, Rev. Codes), and by statute the jury are made the judges of the credibility of these witnesses and of the weight to be given to their testimony (sec. 8028, Rev. Codes).

Insufficiency of evidence is made a ground of a motion for a [13] new trial, and this court will not hesitate to set aside a conviction based solely upon testimony so inherently incredible that no reasonable mind ought to accept it as true, even though a jury has done so; but, unless we can say that the state's case rests upon such testimony only, we cannot substitute our judgment upon the credibility of the witnesses for that of the jury. In this case there are some facts and circumstances which tend to corroborate the testimony of the prosecuting witness, and, though that witness was manifestly evasive in her answers given on cross-examination and replied, "I don't know," or, "I don't

remember," to questions, the true answers to which were within her knowledge, we cannot say that her story in its entirety is so inherently improbable as to be unworthy of belief.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.