STATE, RESPONDENT, *v.* McILWAIN, APPELLANT.

(No. 4,831.)

(Submitted September 13, 1921. Decided October 3, 1921.)

[201 Pac. 270.]

*Criminal Law—Rape—Evidence—Insufficiency.*

1. Where, in a prosecution for rape, the testimony of the prosecuting witness was so unnatural, unreasonable and improbable as to render belief impossible, a physician expressing the opinion that her story as to what occurred was impossible under any circumstances, and there was other testimony impeaching her and tending to show that defendant lacked opportunity to commit the crime, judgment of conviction reversed with direction to dismiss the cause and discharge defendant. (MR. JUSTICE REYNOLDS dissenting, being of opinion that a new trial should be ordered.)

*Appeal from District Court, Blaine County; Frank E. Carleton, Judge.*

[60 Mont. 598.]

ROBERT JAMES McILWAIN was convicted of the crime of rape, and appeals from an order denying his motion for a new trial. Reversed and remanded, with directions to dismiss the prosecution and discharge the defendant.

*Mr. David J. Ryan* and *Messrs. Freeman & Thelen,* for Appellant, submitted a brief; *Mr. Jas. W. Freeman* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, submitted a brief; *Mr. Foot* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of the crime of rape committed upon a girl under the age of eighteen years. He has appealed from an order denying his motion for a new trial. He relies for reversal upon several assignments of error, the principal one being that the verdict is contrary to the evidence. As we have concluded that the court erred in overruling the motion on this ground, it will not be necessary for us to consider any of the other assignments.

We shall not set out the details of the story told by the prosecutrix, because they are so revolting and disgusting that they would serve only to offend the sensibilities of the intelligent reader. It will be sufficient to say that, taken as a whole, the story is, in our opinion, so wholly unworthy of credit that, standing alone, it ought not to be accepted as true by any reasonable person.

Besides the testimony of other witnesses tending to impeach the prosecutrix and to show that the defendant [1] could not have committed the act charged, because there was no opportunity for him to do so, Dr. O'Malley, called in as a medical expert, who had made physical examination of the prosecutrix within forty-eight hours after the time when the

act was alleged to have been committed, expressed the opinion that, in the light of what he observed at the time he made his examination, her story as to what occurred was impossible under any circumstances. What was said by this court in *State* v. *McMillan,* 20 Mont. 407, 51 Pac. 827, a case of the character similar to this, is in point and is entirely applicable to this case:

"It is the well-settled general rule of law, especially in this jurisdiction, that a verdict will not be disturbed when there is simply a conflict in the evidence,—where there is evidence sufficient to support the verdict. But this record does not present simply a conflict in the evidence. It is insisted that the uncorroborated evidence of the prosecutrix, upon which the conviction was had, is so unreasonable, unsatisfactory and contradictory as to unavoidably leave in the mind of any impartial person a reasonable doubt, when considered from a legal standpoint. When testimony is flatly and positively contradicted, there may be said to be a conflict in the evidence. But when the testimony is not only flatly contradicted, but appears to be so unnatural, improbable and unreasonable as to render belief impossible, it is more than a simple conflict, and must necessarily leave in the mind of an impartial, deliberate and intelligent person a reasonable doubt. Viewing evidence from a legal standpoint, we are of the opinion that we have just this kind of a case presented by this appeal."

We are therefore of the opinion that not only should the order be reversed, but that the cause should be remanded to the lower court with directions to dismiss it and discharge the defendant. It is so ordered.

*Reversed.*

ASSOCIATE JUSTICES COOPER and GALEN concur.

MR. JUSTICE HOLLOWAY: The story told by the prosecuting witness is so inherently improbable that it is unworthy of

[60 Mont. 598.]
credence.  For this reason alone I concur in the reversal of the order.

MR. JUSTICE REYNOLDS: I concur in the reversal of the order, but think the case should be sent back for a new trial by reason of prejudicial error in the exclusion of evidence. I cannot concur in the majority opinion to the effect that the story of the complaining witness is so unnatural and improbable that there was nothing substantial to be passed upon by the jury. I am satisfied that one feature of her narrative as to what took place cannot be believed; but the undisputed facts show corroboration of her statements by a general laxity of conduct on the part of all concerned and by the fact that she was the only one of the party of six who registered for a room in the hotel on the night in question, while her evidence showed opportunity for the commission of the criminal act and, in general, was a reasonable and consistent statement of alleged events. It is not within the province of this court to hold that no substantial foundation exists for the verdict, unless her story is so inherently improbable, or is so nullified by contradictions, that no fair-minded person can believe its substance. Even though she was guilty of falsehood in a part of her testimony, it does not necessarily follow that the crime was not committed or that she, as a matter of law, ought to be held unworthy of credit. These are questions for the jury. (*State* v. *Gaimos*, 53 Mont. 118, 162 Pac. 596.) In my opinion, the portion of her story which the members of this court conceive to be unquestionably false might be accepted by the jury as false, and still, from other substantial evidence left in the record, the jury, in judging of her credibility, might well have found that the essential elements of the crime were established.