STATE, APPELLANT, *v.* MOE, RESPONDENT.

(No. 5,324.)

(Submitted October 26, 1923. Decided November 1, 1923.)

[219 Pac. 830.]

*Criminal Law—Rape—Evidence—Insufficiency.*

Rape — Conviction on Uncorroborated Testimony of Prosecutrix — When not Sustainable.

    1. A conviction for rape may be sustained by the uncorroborated testimony of the prosecutrix, unless her testimony is so inherently improbable or is so nullified by material self-contradictions as to be unworthy of belief.

Same—Evidence—Insufficiency—When New Trial Proper.

    2. *Held* that the evidence in a prosecution for rape charged to have been committed by defendant upon his thirteen year old daughter was insufficient under the above rule to sustain conviction and that the district court was justified in granting him a new trial.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; S. D. McKinnon, a Judge of the Sixteenth District, presiding.*

PETER MOE was convicted of rape. A motion for new trial was sustained and the state appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Wellington D. Rankin,* Attorney-General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Appellant.

Citing: *State* v. *Driskill,* 26 Idaho, 738, 145 Pac. 1095; *State* v. *Hopkins,* 26 Idaho, 741, 145 Pac. 1095; *State* v. *Harp,* 31 Idaho, 597, 173 Pac. 1148; *People* v. *Kruvosky,* 53 Cal. App. 744, 200 Pac. 831; *Diffey* v. *State,* 10 Okl. Cr. 190, 135 Pac. 942; *People* v. *Preston,* 19 Cal. App. 675, 127 Pac. 660.

*Mr. C. J. Dousman,* for Respondent.

Citing: *State* v. *Baker,* 6 Idaho, 496, 56 Pac. 81; *State* v. *Andersen,* 6 Idaho, 706, 59 Pac. 180; *Ferbrache* v. *State* (Okl. Cr.), 206 Pac. 617; *People* v. *Freeman,* 244 Ill. 590, 91

N. E. 708; *Logan* v. *State* (Tex. Crim.), 148 S. W. 713; *State*
v. *Goodale,* 210 Mo. 275, 109 S. W. 9; *State* v. *Tregg,* 25 Idaho,
625, 138 Pac. 1124; *State* v. *Donnington,* 246 Mo. 343, 151
S. W. 975.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion
of the court.

The defendant was tried for rape alleged to have been com-
mitted by him upon his thirteen year old daughter.

At the close of the evidence the court, commenting upon the
testimony introduced with particular reference to that of the
prosecutrix, characterized this case as being one within the cate-
gory of those rare cases in which the story told is so inherently
improbable, or is so nullified by material self-contradictions,
that a fair-minded man cannot believe it; and thereupon ad-
vised the jury to bring in a verdict of not guilty, adding:
"However, you are not bound by the advice of the court."
(Sec. 11995, Rev. Codes 1921.) The jury retired, returning
in about an hour, with a request for further instructions, and
to hear the arguments of counsel. The court then proceeded
to settle instructions in the statutory manner, read them to the
jury, and, after argument, that body retired. Again they re-
turned into court, this time requesting that the testimony of
the prosecutrix be read to them, which was done. They then
retired and in about an hour returned a verdict finding the
defendant guilty, assessing his punishment at not less than
ten nor more than twenty years in the state's prison.

Thereafter the court sustained defendant's motion for a new
trial, from which the state has appealed. No useful purpose
will be served by discussing the testimony. It is sufficient to
say that if the conviction were to be sustained it would be upon
the uncorroborated testimony of the prosecutrix. Such slight
corroboration as there was did not tend to connect the defend-
ant with the commission of the crime, if crime there was.

It is settled in this jurisdiction that a conviction for rape
[1]   may be sustained by the uncorroborated testimony of the

prosecutrix (*State* v. *Vinn,* 50 Mont. 27, 114 Pac. 773; *State*
v. *Tate,* 55 Mont. 343, 177 Pac. 243; *State* v. *Richardson,* 63
Mont. 322, 207 Pac. 124), unless her testimony is so inherently
improbable or is so nullified by material self-contradictions as
to be unworthy of belief (*State* v. *Gaimos,* 53 Mont. 118, 162
Pac. 596; *State* v. *McIlwain,* 60 Mont. 598, 801 Pac. 270).
When the uncorroborated testimony of the prosecutrix is ''not
only flatly contradicted, but appears to be so unnatural, im-
probable and unreasonable as to render belief impossible,''
more than a conflict of evidence results; then there abides in
the mind of an impartial, deliberate and intelligent person a
reasonable doubt of the truth of the charge. (*State* v. *McMil-
lan,* 20 Mont. 407, 51 Pac. 827; *State* v. *McIlwain, supra.*)

Upon the trial the prosecutrix must have presented a pitiable
[2] spectacle. After a few preliminary questions the child
refused to answer. She simply sat dumb. At least fifty ques-
tions put to her by the county attorney are followed by the
stenographic notation, ''No response.'' Finally, in answer to
leading questions, which were put by permission of the court,
she gave testimony tending to prove that the defendant had
committed the crime charged.

On cross-examination she said she came to Lewistown with
the probation officer on June 13. After that she was in charge
of Mrs. Mary E. Ayres, who kept a home for ''wards of the
court.'' On July 27 the prosecutrix, in the presence of Mrs.
Ayres, told Messrs. Huntoon and Dousman, attorneys for de-
fendant, that her father never had intercourse with her, but
said she had had intercourse with some boys or men. The next
day she made an affidavit to the same effect. On one occasion
she told the county attorney some person or persons other than
her father had had intercourse with her but this she denied
later. On August 5 she wrote her father a letter in which
she told him she had lied about him, and in which she at-
tempted to explain the reasons why, and the conditions under
which she made her false accusations against him. The record

shows other contradictions of her testimony. The defendant flatly denied her testimony.

Upon the record we cannot say that the court was not fully justified in advising the jury to acquit; but regardless of whether its action in that respect was correct, if a defendant in a criminal case "can convince the district court that the evidence in its entirety is insufficient in weight to justify the verdict, he is entitled to a new trial." (*State* v. *Schoenborn,* 55 Mont. 517, 178 Pac. 294.) Obviously, this rule, applicable in all criminal cases, ought to serve with full vigor in rape cases. The charge is easily made and hard to disprove—"hard to defend against even by one who is guiltless."

The charge that an offense of this sort has been committed by a father upon his infant daughter presents a situation so shocking to the sensibilities of every decent man that an approach to calm consideration of the testimony is fraught with difficulty. By reason of the infirmities of human nature, a recital of the details of the alleged offense by the prosecutrix may bring from a well-intentioned jury a verdict which is the result of passion and prejudice. A man will ask himself how it is humanly possible for a girl thus falsely to accuse her own father. But we may not doubt that in some instances perverse girls have so falsified. The verdict of a jury, arrived at upon the uncorroborated testimony of the prosecutrix, may well be the subject of a rigid analysis by an impartial judicial mind. If the court, in the exercise of a sound judicial discretion, is of opinion that the evidence adduced in the cause is insufficient to sustain a conviction, it is the court's duty to grant a new trial.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.