STATE, RESPONDENT, *v.* BREEDING, APPELLANT.

(No. 5,516.)

(Submitted January 8, 1925. Decided March 28, 1925.)

[234 Pac. 1097.]

*Intoxicating Liquors—Unlawful Possession — Presumptions — Burden of Proof—Admission of Possession—Prima Facie Case for State—New Trial—Newly Discovered Evidence— Proper Denial of Motion.*

Intoxicating Liquors — Possession Presumptively Illegal — Burden of Proof on Defendant.

1. Under section 11079, Revised Codes of 1921, as amended by section 3, Chapter 116, Laws of 1923, the possession of intoxicating liquor is presumptively illegal, and the burden of justifying its acquisition, possession and use is upon the possessor.

Same—Admission of Possession—*Prima Facie* Case for State.

2. Where one charged with the unlawful possession of intoxicating liquor admits possession, his admission constitutes a *prima facie* case for the state, and unless the evidence on the part of the defendant in explanation of his possession was so convincing to a fair and impartial mind as to destroy the probative value of the presumption that it was unlawfully possessed and thus the *prima facie* case, a case was made for the jury.

Same—Conflict in Evidence—Verdict Conclusive.

3. On appeal in a liquor prosecution the supreme court will not disturb the judgment of conviction if the record shows a substantial conflict in the evidence on a material fact.

Same—Unlawful Possession—Proper Submission of Question to Jury.

4. Where defendant's testimony that he came into possession of the liquor charged to have been unlawfully possessed before prohibition went into effect was uncontroverted by any oral evidence, *held,* in view of other evidence adduced, that the court nevertheless properly submitted the question of unlawful possession to the jury.

Same—New Trial—Newly Discovered Evidence—Proper Denial of Motion.

5. Where alleged newly discovered evidence is cumulative merely or the movant for a new trial on that ground forgot its existence, the motion for a retrial was properly denied, such reasons being insufficient to warrant its granting.

---

1. Constitutionality of statute making possession of liquor *prima facie* evidence to violate it, see note in 1 L. R. A. (n. s.) 626.

Power to prohibit possession of liquor irrespective of any intention to traffic therein, see note in 2 A. L. R. 1085.

5. What is cumulative evidence within rule excluding in support of motion for new trial, see note in Ann. Cas. 1913D, 157.

Forgotten facts as newly discovered evidence, see note in 17 Ann. Cas. 317.

Cumulative evidence as ground for new trial in criminal case, see note in 46 L. R. A. (n. s.) 903.

[73 Mont. 30.]

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

BERT BREEDING was convicted of unlawfully possessing intoxicating liquors, and appeals. Affirmed.

*Mr. Dan J. Heyfron,* for Appellant, submitted a brief; *Mr. Chas. A. Russell,* of Counsel, argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for the State, submitted a brief; *Mr. Angstman* argued the cause orally.

HONORABLE BEN. B. LAW, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

On January 26, 1924, defendant's premises in the city of Missoula were searched by the officers of Missoula county for intoxicating liquors. Twenty-one pints of Sunny Brook whisky were found, in an apparently original package or case, in an unfinished portion of the cellar underneath his residence, and seven pints of acknowledged illicitly made liquor were found in a wash-boiler hanging in a shed about eighty feet from the defendant's house, but on his premises and under his control. The case containing the Sunny Brook whisky was nailed tightly when found, and more or less dusty. On the outside of the box were printed in large letters the words "Sunny Brook," and also the label "Pure food whisky." A row of cabins designed for the accommodation of bachelors and others desiring inexpensive quarters for lodging was arranged along on either side of the building in which the acknowledged illicit liquor was found.

The defendant was tried on March 14, 1924, before a jury, for unlawfully possessing intoxicating liquors and found guilty. The appeal is from the judgment of conviction and order denying defendant's motion for a new trial.

At the close of the trial, and upon the settlement of the
[1, 2]   instructions, the defendant asked the court to give the
following instruction: ''You are instructed that the possession
of the twenty pint bottles of Sunny Brook whisky found in the
defendant's home was in his lawful possession, and that you
cannot convict him for the possession thereof, nor is the same
to be held against him in deciding the merits of this case.''
The request was refused, and error is assigned because of the
court's action.

It is unnecessary to discuss the question whether the evidence
sustains the verdict and judgment as to the defendant's unlaw-
ful possession of the liquor found in the shed or outhouse.
The admitted facts in the case clearly bring it within the rule
declared in *State* v. *Sawyer,* 71 Mont. 269, 229 Pac. 734, and
*State* v. *Peters,* 72 Mont. 12, 231 Pac. 392. Our inquiry,
therefore, will be limited to the question whether the facts
warranted the court in submitting to the jury the question of
defendant's unlawful possession of the Sunny Brook whisky.

The court gave the following instruction: ''The court in-
structs the jury that the possession of intoxicating liquors by
any person not legally permitted by law to possess such liquor
shall be *prima facie* evidence that such liquor is kept for the
purpose of being sold, bartered, exchanged, given away, fur-
nished, or otherwise disposed of in violation of the provisions
of the law; but it shall not be unlawful to possess liquors in
one's private dwelling while the same is occupied and used by
him as his dwelling only, provided such liquors are for use
only for the personal consumption of the owner thereof and his
family residing in such dwelling, and the burden of proof shall
be upon the possessor in any action concerning the same to
prove that such liquor was lawfully acquired, possessed and
used.''   This instruction is a copy of section 11079, Revised
Codes of 1921, as amended by section 3, Chapter 116, Laws of
1923, which imposes upon the possessor of intoxicating liquor
the burden of justifying its acquisition, possession and use.

The defendant admitted possession of the Sunny Brook whisky found in the basement of his home. Presumptively the possession was unlawful, and his admission constituted a *prima facie* case for the state, and, in the absence of evidence explanatory and in justification of his possession, will sustain a conviction. Possession having been admitted, it was incumbent upon the defendant to produce sufficient evidence to create in the minds of the jurors a reasonable doubt of the legality of his possession before he was entitled to an acquittal by the jury. Therefore the conviction must be sustained if the record discloses facts of probative value justifying the court in submitting the question of the unlawful possession of the Sunny Brook liquor to the jury, along with the question of the illegal possession of the acknowledged illicitly made liquor.

It must be conceded that the admitted possession was eviden-
[3] tial and constituted a *prima facie* case against the defendant; and, unless the evidence on the part of the defendant in explanation of his possession was so convincing in character to a fair and impartial mind as to destroy the probative value of the presumption and consequent *prima facie* case on the part of the state, there was a case made for the jury. The law, well established in such cases, is that this court will not disturb the judgment if there be, measured by the foregoing rule, a substantial conflict of evidence on a material fact. (*State* v. *McMillan,* 20 Mont. 407, 51 Pac. 827; *State* v. *McIlwain,* 60 Mont. 598, 201 Pac. 270.)

The defendant's testimony as to how he came into the pos-
[4] session of the liquor in question is uncontroverted by any oral evidence. He declared that he had bought two cases of the kind, in the fall before prohibition went into effect, from Oscar Engstrom who ran the Falstaff saloon in Missoula, and that the liquor seized was the remaining portion of that purchase. At the time of the seizure he stated to the officers: "Boys, you cannot keep that whisky; that is some I have had ever since before prohibition went into effect. It is some good stuff I bought and laid away. You ain't got nothing on me.

That Sunny Brook I have had since the state went dry.'' Mrs. Breeding stated that she did not know the liquor was in the cellar or pit.

The unclaimed illicit whisky was found in the defendant's wash-boiler in defendant's shed on defendant's premises. The evidence is to the effect that several empty whisky flasks were scattered around defendant's premises. The cellar was frequented by defendant's tenants. His wife did not know of the presence of the liquor in the basement. His reason for its concealment from his wife was that she might have used it had she known of its presence.

We think that on the facts in this case the district court did not err in submitting the question of unlawful possession of the Sunny Brook liquor found in defendant's cellar to the jury, along with the liquor found in the shed on defendant's premises.

The defendant filed two affidavits in support of a motion for [5] a new trial, wherein one of the affiants declared that he had hauled two cases of Sunny Brook to defendant's home just prior to January 1, 1919, and the other asserted that he had seen the case of liquor in the basement and had spoken to defendant about it prior to his arrest. Forgetfulness is the only excuse assigned by the defendant for not producing this evidence at the trial. It also is cumulative only. Such reasons are not grounds for granting a new trial on suggested newly discovered evidence. (*State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881.)

The judgment and order appealed from are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.