STATE, Respondent, *v.* GIES, Appellant.

(No. 5,967.)

(Submitted September 13, 1926. Decided September 18, 1926.)

[249 Pac. 573.]

*Intoxicating Liquor—Verdicts—Impeachment by Affidavit of Juror — When not Permissible — New Trial — Newly Discovered Evidence—Lack of Diligence—Proper Denial.*

Verdicts—Impeachment by Affidavit of Juror not Permissible.
    1. A verdict of a juror cannot be impeached by an affidavit of a juror except where it was arrived at by means other than a fair expression of opinion by all the jurors; hence an affidavit by a juror in a liquor case that he had informed the jury during their deliberations that he knew defendant had sold intoxicating liquor because he himself had bought liquor from him prior to the date charged in the information, was properly disregarded by the trial court in passing upon defendant's motion for a new trial.

New Trial—Newly Discovered Evidence—When Denial of Motion Proper.
    2. Alleged newly discovered evidence which is cumulative only does not warrant the granting of a new trial; nor may the court be put in error for refusing a retrial on that ground where movant made no attempt to show due diligence on his part to produce the newly discovered witness on the trial of his case.

---

    [1] Criminal Law, 16 **C. J.**, sec. 2750½, p. 1236, n. 50; p. 1237, n. 51 New. Expressio Unius, etc., 25 **C. J.**, p. 220, n. 17. Statutes, 36 **Cyc.**, p. 1122, n. 47.
    [2] Criminal Law, 16 **C. J.**, sec. 2720, p. 1191, n. 7; p. 1193, n. 10; sec. 2727, p. 1199, n. 56.

*Appeal from District Court, Fergus County; Edgar J. Baker, Judge.*

Vincent Gies, convicted of unlawful possession of intoxicating liquor and of maintaining a common nuisance, appealed from the judgment and from the order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of counsel.

---

    1. See 27 R. C. L. 897.
    2. See 20 R. C. L. 295.

*Mr. W. T. McKeown,* for Appellant; *Mr. Roy E. Ayers,* of Counsel.

The appellant in this case was not tried before an impartial jury of twelve men, as shown by the affidavits in support of the motion for a new trial; if the statement made by Juror Gibson did not prejudice any of the eleven other jurors, the statement itself shows that Juror Gibson was prejudiced, and if he was prejudiced, this appellant was not tried before a jury of twelve impartial men. Affidavits of jurors in a criminal case purporting to state facts constituting misconduct and not attempting to state what effect such alleged misconduct had on the jury, do not come within the rule that a jury will not be heard to impeach its own verdict. (*State* v. *McChesney,* 114 Wash. 113, 194 Pac. 551, see, also, *State* v. *Parker,* 25 Wash. 405, 65 Pac. 776; *Hall* v. *Robison,* 25 Iowa, 91; *State* v. *Lowe,* 67 Kan. 183, 72 Pac. 524; *State* v. *Duncan,* 70 Kan. 883, 78 Pac. 427; *State* v. *Farrar,* 103 Kan. 774, 176 Pac. 987.)

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for the State.

HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, delivered the opinion of the court.

Defendant was convicted on charges of the unlawful possession of intoxicating liquor and maintaining a common nuisance, and has appealed from the judgment and order overruling his motion for a new trial.

Among the affidavits presented on the motion for a new [1] trial is that of Juryman Herbert Reuther, stating that during their deliberations and before they had agreed upon a verdict Juryman B. E. Gibson informed the jury that "he [Gibson] knew the defendant sold intoxicating liquors as he [Gibson] had bought intoxicating liquors from the defendant

at a date previous to the dates charged in the information.''
The affidavits of Jurors Mathias Arduser and James A. Green
are to the effect that no such statement was made during
the deliberations of the jury but was made after the jury
had agreed and settled the verdict. Defendant insists that it
is thus plainly shown that Juror Gibson was prejudiced
against him; that evidence was received out of court in the
absence of the defendant, and that he has not had a trial
by a fair and impartial jury, guaranteed him by the federal
and state Constitutions.

These affidavits cannot be considered for any purpose. The
general rule is that a verdict cannot be impeached or in any
way limited or qualified by the affidavit of jurors who ren-
dered it. There is but one exception to this rule, namely:
the determination of a verdict by means of other than a fair
expression of opinion by all the jurors, as, for example, by
casting lots, in which case the fact may be established by
affidavits of members of the jury. This express exception
has been provided by statute (secs. 12048 and 9397, Rev.
Codes 1921), and under the rule of ''*expressio unius est ex-
clusio alterius*'' has been uniformly held to exclude all other
exceptions.

The reasons for adhering strictly to the rule are obvious.
If jurors were permitted to impeach their own verdicts the
door would be thrown wide open to corrupt practices. After
their discharge the jurors would be subjected to all sorts of
tampering influences to induce them to repent of their de-
cision and endeavor to change or revoke it by making affi-
davit to real or trumped-up irregularities. Thus there would
be no assurance that any verdict, however just, would be
final. (*People* v. *Baker,* 1 Cal. 404; *State* v. *Beesskove,* 34
Mont. 41, 85 Pac. 376; *State* v. *Wakely,* 43 Mont. 427, 117.
Pac. 95; *State* v. *Lewis,* 52 Mont. 495, 159 Pac. 415.)

Defendant next contends that he is entitled to a new trial
[2] by reason of newly discovered evidence, and in support

of his motion presents the affidavit of one Tilden, who says he will testify that he sold certain liquors to one Thomas and saw the said Thomas sell them on the premises on which defendant was alleged to have maintained a common nuisance. Defendant also presents his own affidavit showing that he has since the trial discovered certain receipts for rent of the premises in question, which he delivered to Thomas, his alleged lessee.

The state produced evidence to show many sales by the defendant on the premises in question and to show that the defendant was the proprietor in charge at such times and that the said Thomas was his employee. To refute the state's evidence the defendant, in addition to his own testimony, produced a number of witnesses in the attempt to show that he was absent and made no sales at the times mentioned by the state's witnesses, and that Thomas was the proprietor as defendant's lessee at the time of the alleged sales.

The newly discovered evidence is plainly cumulative and is therefore insufficient to justify the granting of a new trial. (*State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881; *State* v. *Breeding,* 73 Mont. 30, 234 Pac. 1097.)

There was also presented the affidavit of one Con Londergan, denying the statement of the witness Max Hallerman who testified for the state that in the presence of said Londergan he purchased liquor from the defendant on one occasion. There is no attempt to show due diligence or any effort whatever by the defendant to produce Londergan as a witness at the trial. From anything that appears here, the defendant may have known what Londergan would testify and had ample opportunity to produce him as a witness at the trial. Hence his offered testimony furnishes no grounds for granting a new trial. (*State* v. *Matkins, supra.*)

77 Mont.—5

It is also contended that the evidence is insufficient to sustain the verdict. The evidence is in sharp conflict throughout. If believed by the jury, it is ample to sustain the verdict. The judgment is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and MATTHEWS concur.

MR. JUSTICE GALEN not sitting.