PEOPLE v. JACKSON.

1. INDICTMENT AND INFORMATION—PANDERING—STATUTES.

Information which followed language of statute relative to pandering but failed to allege specific amounts of money and dates when defendant received the same *held*, sufficient where defendant neither demanded bill of particulars nor moved to quash (Act No. 328, § 457, Pub. Acts 1931).

2. CRIMINAL LAW—EVIDENCE OF OTHER OFFENSES.

While, generally, evidence of a crime unconnected with the one an accused is informed against should be excluded, where it is of a crime so closely related in point of time and character as to form but another instance of a course of criminal conduct extending over a period of years as established by other evidence, its reception does not constitute reversible error.

3. SAME—EVIDENCE—OTHER OFFENSES—PANDERING.

Reception in evidence of testimony of receipt of a sum of money six days after last date stated in information charging defendant with pandering over a period of three years and eight months *held,* not reversible error as instance was so closely related in point of time and nature as not to constitute evidence of a distinct crime for which another prosecution should be brought but connected with criminal course of conduct established by other evidence (Act No. 328, § 457, Pub. Acts 1931).

4. PROSTITUTION—PANDERING—FELONY—STATUTE OF LIMITATIONS.

The crime of pandering is a felony in this State, hence is not barred where alleged to have been committed within less than six years (3 Comp. Laws 1929, § 17238, as amended by Act No. 144, § 24, Pub. Acts 1935).

5. CONSTITUTIONAL LAW—PANDERING—PRESUMPTIONS.

Statute relative to pandering which made ''acceptance, receipt, levy or appropriation of such money or valuable thing * * * presumptive evidence of lack of consideration'' *held,* not to have deprived defendant of any right (Act No. 328, § 457, Pub. Acts 1931).

6. EVIDENCE—STATUTORY PRESUMPTIONS—DUE PROCESS—EQUAL PROTECTION.

Legislative presumption of one fact from evidence of another does not constitute a denial of due process of law or a denial of the equal protection of the law as long as there is some rational connection between the fact proved and the ultimate fact presumed and the inference of the one fact from proof of another is not so unreasonable as to be a purely arbitrary mandate nor may the presumption of evidence operate to preclude the party from the right to present his defense to the main fact thus presumed.

Appeal from Genesee; Black (Edward D.), J. Submitted April 15, 1937. (Docket No. 73, Calendar No. 39,173.) Decided May 21, 1937.

Nathaniel Jackson was convicted of pandering. Affirmed.

*R. M. Van Dyne,* for appellant.

*Raymond W. Starr,* Attorney General, and *Joseph R. Joseph,* Prosecuting Attorney, for the people.

Wiest, J. Defendant reviews his conviction of the crime of pandering, under an information charging that, on or about the 1st day of May, 1932, at the city of Flint, in Genesee county, and between that date and the 10th day of January, 1936, he "did knowingly accept, receive, levy and appropriate large sums of money of the United States of America without consideration from the proceeds of the earnings of Georgia Coleman, a woman engaged in prostitution, and he, the said Nathaniel Jackson knowing said Georgia Coleman, a female, to be a prostitute did live and desire [derive?] support and maintenance from the earnings and proceeds of the prostitution of said Georgia Coleman."

The statute, Act No. 328, § 457, Pub. Acts 1931, commonly known as the penal code, provides:

"Any person who shall knowingly accept, receive, levy or appropriate any money or valuable thing without consideration from the proceeds of the earnings of any woman engaged in prostitution, or any person, knowing a female to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of said prostitute, * * * shall be guilty of a

felony. * * * And such acceptance, receipt, levy or appropriation of such money or valuable thing, shall, upon any proceeding or trial for violation of this section, be presumptive evidence of lack of consideration.''

Defendant contends that the information was insufficient in not alleging specific amounts of money and the dates when defendant received the same.

Defendant did not demand a bill of particulars, nor did he move to quash the information. The information followed the language of the statute and was sufficient.

In *State* v. *Pippi,* 59 Mont. 116 (195 Pac. 556), defendant therein was prosecuted for the crime of pandering in having received and accepted money, without consideration, from the earnings of a woman engaged in prostitution, and, in passing upon the point here raised, the court stated:

''The crime for which the defendant was tried is purely statutory. The information follows the language of the statute, contains all that is essential to constitute the crime, is sufficient to apprise the accused of the nature of the offense charged, and is not open to the objection that the amount which defendant received from the prosecuting witness is not stated. The statute does not require that it shall be.''

It is also contended there was error in admitting testimony of the receipt of a sum of money by defendant six days after the last date stated in the information. Again we quote from *State* v. *Pippi, supra:*

''It is the general rule that upon the trial of one accused of crime, evidence of a distinct and independent offense is not admissible; but the rule is equally well settled that the State may introduce evidence

tending to prove a uniform plan or course of action on the part of the accused for the purpose of identification, of disclosing guilty knowledge or criminal intent, and to negative the idea that the particular act charged was merely the result of inadvertence or mistake; and, if such evidence also tends to establish the commission of another offense, it is not for that reason inadmissible.''

It is a general rule that evidence of a crime, unconnected with the one an accused is informed against, should be excluded. In the case at bar, however, the offense of pandering was charged as a continuing one over a course of years and the subsequent act, admitted in evidence, and so closely related in point of time, disclosed the continuing course of criminal conduct alleged in the information. It was not evidence of a distinct crime for which another prosecution should be brought but so connected with the criminal course of conduct, established by other evidence, as to not constitute reversible error. It might well have been included in the information and, had it been so included, it would not have rendered the charge double.

The other testimony was sufficient to justify the jury in finding that defendant was a gambler, living with a common prostitute and knowingly receiving money from her nefarious and sole occupation.

The crime of pandering is, under the statute, a felony. The information alleged that the offending acts by defendant were between the dates mentioned in 1932 and 1936, and, therefore, not barred by the statute of limitations. 3 Comp. Laws 1929, § 17238, as amended by Act No. 144, § 24, Pub. Acts 1935.

It is also contended that the statute (Act No. 328, § 457, Pub. Acts 1931) in making ''acceptance, receipt, levy or appropriation of such money or valu-

able thing, * * * presumptive evidence of lack of consideration," is unconstitutional in casting upon defendant the burden of going forward with the evidence and negativing the presumption. The identical point was considered in *State* v. *Pippi, supra,* and found to have no merit.

Defendant gave no testimony and, therefore, we do not have the question of weighing the evidence against the statutory presumption. Employment of the statutory presumption did not deprive defendant of any right.

"Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption. If the effect of the legislative act is to give to the facts from which the presumption is drawn an artificial value to some extent, it is no more than happens in respect of a great variety of presumptions not resting upon statute. * * *

"The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself may be put aside with slight discussion. The statute compels nothing." *Yee Hem* v. *United States,* 268 U. S. 178 (45 Sup. Ct. 470).

In that case the court quoted the following from *Mobile, J. & K. C. R. Co.* v. *Turnipseed,* 219 U. S. 35 (31 Sup. Ct. 136, 32 L. R. A. [N. S.] 226, Ann. Cas. 1912A, 463):

" 'That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact

proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed.' "

The information alleged the proper venue and the proofs were in accord therewith.

We find no reversible error and the conviction is affirmed.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.